**[DO NOT PUBLISH]**

## IN THE UNITED STATES COURT OF APPEALS

## FOR THE ELEVENTH CIRCUIT

_____

**No. 05-12568**
**Non-Argument Calendar**

_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
DECEMBER 8, 2005
THOMAS K. KAHN
CLERK

D. C. Docket No. 99-00084-CR-B-M

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

ELIZABETH DIANNE BEASON,
a.k.a. Elizabeth Beason,

Defendant-Appellant.

_____

**Appeal from the United States District Court**
**for the Northern District of Alabama**

_____

**(December 8, 2005)**

Before ANDERSON, BIRCH and BLACK, Circuit Judges.

**PER CURIAM:**

Elizabeth Dianne Beason appeals her sentence imposed upon revocation of her supervised release. Beason asserts the district court erred by failing to consider all of the factors listed in 18 U.S.C. § 3553(a) when it sentenced her to 24 months' imprisonment, instead of to a reasonable sentence within her advisory guideline range. Beason concedes the district court does not have to make specific findings as to each factor, but asserts "it must articulate at least enough of its reasoning to permit an informed appellate review." She contends the district court's judgment constituted plain error because: (1) the district court erred by deviating from the requirements of § 3553(a); (2) this error was plain, since it constituted a violation of the law; and (3) her substantial rights were affected, since the district court would have imposed a different sentence if it had taken all of the § 3553(a) factors into consideration. The district court did not plainly err, and we affirm.

Where, as here, a defendant raises a sentencing argument for the first time on appeal, we review for plain error only. *United States v. Aguillard*, 217 F.3d 1319, 1320 (11th Cir. 2000). Under the plain error standard, we may not correct an error the defendant failed to raise in the district court unless there is (1) error, (2) that is plain, and (3) that affects substantial rights. *Id.*

Upon finding a defendant violated a condition of supervised release, a court, after considering the factors set forth in § 3553(a)(1), (a)(2)(B)–(D), (a)(4)–(7),

may "revoke a term of supervised release, and require the defendant to serve in prison all or part of the term of supervised release authorized by statute for the offense that resulted in such term of supervised release." 18 U.S.C. § 3583(e)(3). Some of the factors listed in § 3553(a) include: (1) the need for the sentence imposed to reflect the seriousness of the offense, afford adequate deterrence to criminal conduct, and provide the defendant with needed medical care; and (2) in the case of a violation of supervised release, the applicable guidelines or policy statements issued by the Sentencing Commission. 18 U.S.C. § 3553(a). We recently stated "nothing in [*United States v. Booker*, 125 S. Ct. 738 (2005)] or elsewhere requires the district court to state on the record that it has explicitly considered each of the § 3553(a) factors or to discuss each of the § 3553(a) factors." *United States v. Scott*, __ F.3d __, No. 05-11843, 2005 WL 2351020, at *4 (11th Cir. Sept. 27, 2005).

The Sentencing Guidelines applying to revocation of probation, which appear in chapter seven, "are merely advisory, and it is enough that there is some indication the district court was aware of and considered them." *Aguillard*, 217 F.3d at 1320. The district court may impose any sentence within the statutory maximum, and a sentence in excess of the chapter seven range is permitted so long

3

as it is within the range imposed by Congress. *United States v. Hofierka*, 83 F.3d 357, 362–63 (1996).

Beason's assertion her sentence must be vacated due to the district court's failure to consider all of the factors listed in § 3553(a) is without merit. Although the district court did not (1) explicitly state it had considered each of the § 3553(a) factors, or (2) detail the weight that it had accorded to each factor, it was not required to do so. *See Scott*, 2005 WL 2351020, at *4. In any event, the district court indicated it had considered some of the factors listed in § 3553(a), including the need for the sentence imposed to punish Beason for her criminal conduct, deter her from future criminal conduct, and provide her with mental health services. *See* 18 U.S.C. § 3553(a)(2). Additionally, the district court explicitly stated it had taken the policy statements into consideration in imposing Beason's sentence. *See* 18 U.S.C. § 3553(a)(4); *Aguillard*, 217 F.3d at 1320. Accordingly, the district court did not plainly err by not explicitly stating it had considered each of the § 3553(a) factors, and we affirm Beason's sentence.

**AFFIRMED.**

4