[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
January 26, 2006
THOMAS K. KAHN
CLERK

No. 05-13653
Non-Argument Calendar

_____

D. C. Docket No. 02-00014-CR-2

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

KENNETH RICHARD CARPENTER,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Southern District of Georgia

_____

**(January 26, 2006)**

Before BARKETT, MARCUS and WILSON, Circuit Judges.

PER CURIAM:

Kenneth Richard Carpenter appeals his 18-month sentence imposed upon the

revocation of his supervised release pursuant to 18 U.S.C. § 3583(e).[1] On appeal, Carpenter argues that his 18-month sentence imposed upon the revocation of his supervised release, in light of the Supreme Court's holding in United States v. Booker, 543 U.S. 220, 125 S.Ct. 738, 160 L.Ed.2d 621 (2005), was unreasonable. He argues that the district court in sentencing him was required to consider § 3553(a) factors, including the advisory statements found in Chapter 7 of the Guidelines.

When the district court imposes a sentence beyond the Chapter Seven Guideline range, we review for an abuse of discretion. United States v. Aguillard, 217 F.3d 1319, 1320 (11th Cir. 2000). Because Carpenter did not object to his sentence below, we review his argument for plain error. Id. Under plain error review, there must be (1) an error, (2) that is plain, and (3) affects substantial rights. Id. When these three factors are met, we may then exercise our discretion and correct the error if it seriously affects the fairness, integrity, or public reputation of the judicial proceedings. United States v. Olano, 507 U.S. 725, 732, 113 S.Ct. 1770, 1776, 123 L.Ed.2d 508 (1993).

In United States v. Booker, the Supreme Court held that the mandatory nature of the Federal Sentencing Guidelines rendered them incompatible with the

---

[1] Carpenter was originally convicted of one count of bank fraud, in violation of 18 U.S.C. § 1344.

2

Sixth Amendment's guarantee to the right to a jury trial. 543 U.S. 220, ___, 125 S.Ct. 738, 749-51, 160 L.Ed.2d 621 (2005). The Court concluded that, to best preserve Congress's intent in enacting the Sentencing Reform Act of 1984, the appropriate remedy was to "excise" two specific sections—18 U.S.C. § 3553(b)(1) (requiring a sentence within the guideline range, absent a departure) and 18 U.S.C. § 3742(e) (establishing standards of review on appeal, including de novo review of departures from the applicable guideline range)—thereby effectively rendering the Sentencing Guidelines advisory only. Id. at ___, 125 S.Ct. at 764. The Court explained that, "[w]ithout the 'mandatory' provision, the Act nonetheless requires judges to take account of the Guidelines together with other sentencing goals" contained in 18 U.S.C. § 3553(a).[2] Id. The Court indicated that both its "Sixth Amendment holding and . . . remedial interpretation of the Sentencing Act" must be applied to "all cases on direct review." Id. at ___, 125 S.Ct. at 769.

In a post-Booker opinion, we stated that the district court, upon finding that a defendant violated a condition of supervised release, may revoke a term of supervised release and require the defendant to serve in prison all or part of the

---

[2] Section 3553(a) provides that district courts imposing a sentence must first consider, inter alia, the nature and circumstances of the offense, the history and characteristics of the defendant, the need for the sentence to reflect the seriousness of the offense, promote respect for the law, and provide just punishment for the offense, and the kinds of sentences and sentencing range established by the Guidelines. See 18 U.S.C. § 3553(a).

3

term of supervised release after considering the factors set forth in § 3553(a). United States v. White, 416 F.3d 1313, 1318 (11th Cir. 2005). We noted that one of factors a court must consider is the sentencing range established by the applicable Guidelines or policy statements issued by the Sentencing Commission. Id. However, we noted that "the Sentencing Commission has not yet promulgated any binding probation revocation guidelines; instead, the Sentencing Commission has opted for the flexibility of advisory policy statements, which are nonbinding on the courts." Id. (quotations and alteration omitted). Even before Booker, so long as there was some indication that the district court had considered the Guidelines before imposing a sentence outside of the Chapter 7 recommended range, the sentence would be upheld. Aguillard, 217 F.3d at 1320. Moreover, just as the Sentencing Guidelines for revocation have always been advisory, Booker also allows for sentencing based on factors in § 3553(a), applying the Guidelines as advisory. See Booker, 543 U.S. at ___, 125 S.Ct. at 743.

Section 7B1.4 of the Chapter Seven policy statements of the Guidelines, provides the range of imprisonment applicable upon revocation of probation or supervised release. U.S.S.G. § 7B1.4(a). A violation of a condition of supervised release constitutes a Grade C violation. U.S.S.G. § 7B1.1(a)(3). The applicable range in Carpenter's case, where he committed a grade C violation of his

4

supervised release and had an original criminal history category of I, was three to nine months' imprisonment. U.S.S.G. § 7B1.4(a). Under 18 U.S.C. § 3583(e)(3), "the court may, after considering the factors set forth in" § 3553(a), revoke a term of supervised release if it finds by a preponderance of the evidence that the defendant violated a condition of supervised release and, if the offense that resulted in the supervised release is a class B felony,[3] impose a term of imprisonment not to exceed three years.

In the instant case, Carpenter is unable to show that the district court committed plain error in sentencing him beyond the Chapter Seven Guideline range. First, the Guidelines ranges provided in U.S.S.G. § 7B1.4(a) are advisory, and, as such, the district court is not required to impose a sentence within the recommended range. See White, 416 F.3d at 1318. Second, because Carpenter committed a Grade B felony, the 18-month sentence did not exceed the statutory maximum. See 18 U.S.C. 3583(e)(3). Third, while the court is required to consider the factors in § 3553(a) before revoking supervised release, there is no requirement, contrary to Carpenter's assertion, that the court explicitly articulate its consideration of each and every one of the factors. We have held "that nothing in Booker or elsewhere requires the district court to state on the record that it has

---

[3] Because the statutory maximum sentence for Carpenter's original offense is 30 years, it is a Class B felony. 18 U.S.C. §§ 1344, 3559(a)(2).

5

explicitly considered each of the § 3553(a) factors or to discuss each of the § 3553(a) factors." United States v. Scott, 426 F.3d 1324, 1329 (11th Cir. 2005). Fourth, the record reflects that the district court judge did adequately consider the Guidelines before imposing his sentence.

**AFFIRMED.**