[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
AUGUST 10, 2006
THOMAS K. KAHN
CLERK

No. 05-15555
Non-Argument Calendar

_____

D. C. Docket No. 00-00458-CR-KMM

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

EDDY LAMAS,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Southern District of Florida

_____

**(August 10, 2006)**

Before TJOFLAT, BLACK and PRYOR, Circuit Judges.

PER CURIAM:

Eddy Lamas appeals his sentence of nine months of imprisonment for violating the conditions of his supervised release. Lamas argues that he was not notified in writing of the charge against him in violation of due process. Because any consideration by the district court of facts not alleged in the written notice to Lamas was not plain error, we affirm.

On November 30, 2000, Lamas was sentenced to five years of probation for the unlawful possession of access device-making equipment, a charge to which he pleaded guilty. 18 U.S.C. § 1029(a)(4). Lamas violated the conditions of his supervised release four times between March 30, 2001, and February 24, 2005, and, on each occasion, Lamas was sentenced to a term of incarceration and an additional period of supervised release. One condition of Lamas's supervised release arising from his violation on February 24, 2005, was that Lamas maintain regular employment at a lawful occupation.

On August 29, 2005, Nora Burgos, Lamas's probation officer, filed a petition with the district court that alleged, "Since on or about July 7, 2005, the defendant has failed to work regularly as required." At Lamas's hearing, Burgos testified that she had given Lamas permission to work at his wife's business in March 2005. Burgos testified that between June 7 and July 7, 2005, she visited Lamas's purported workplace four times, but on each visit found the office was

2

closed or Lamas was not present, and Lamas did not object to this testimony. Burgos stated that, on July 7, 2005, she instructed Lamas to find employment through an employment agency. Burgos testified that Lamas told her he contacted the agency and was informed they had no openings, but when Burgos called the agency, she was told that the agency schedules an interview for each applicant who calls.

Lamas testified that he was not currently employed, but had been employed at his wife's office. Lamas stated that he was not at the office when Burgos visited because he often took his wife or his brother to medical appointments during the workday. Lamas also denied being instructed to contact the employment agency.

The district court found Burgos to be credible and rejected the testimony of Lamas. The district court based this decision, in part, on the testimony of Burgos that Lamas had not been present at his wife's office on her four visits there from June 7 to July 7, 2005. The district court found Lamas in violation of the conditions of his supervised release based on his "failure to work regularly at a lawful occupation since July 7."

This Court reviews the finding that a defendant violated the terms of his supervised release for abuse of discretion. United States v. Copeland, 20 F.3d 412, 413 (11th Cir. 1994). When, as here, the defendant raises an argument for the first

3

time on appeal, we reverse only for plain error. United States v. Aguillard, 217 F.3d 1319, 1320 (11th Cir. 2000). "For this Court to correct plain error: (1) there must be error; (2) the error must be plain; and (3) the error must affect substantial rights." Id. Even if the three requirements are satisfied, "we will exercise our discretion to rectify the error only if it seriously affects the fairness, integrity, or public reputation of judicial proceedings." United States v. Peters, 403 F.3d 1263, 1271 (11th Cir. 2005) (internal quotation omitted).

Lamas argues that the district court violated due process when it considered evidence that he was not employed before July 7, 2005, because the petition alleged only that he was not employed since "on or about July 7, 2005." One requirement of due process to punish a violation of the conditions of supervised release is "written notice of the claimed violations." Morrissey v. Brewer, 408 U.S. 471, 489, 92 S. Ct. 2593, 2604 (1972). We need not address whether the district court erroneously considered evidence that Lamas was unemployed before July 7, 2005, because any error was not plain.

The prosecution presented evidence sufficient to support a finding that Lamas was unemployed after July 7, 2005. Burgos testified that Lamas had misinformed her about contacting the employment agency, and Lamas admitted during his testimony that he was currently unemployed. Lamas's only evidence

4

that he was employed was limited to his purported employment at his wife's office before July 7, 2005. Because the evidence was sufficient to support a finding that Lamas was unemployed after July 7, 2005, consideration of evidence that Lamas was unemployed before July 7, 2005, did not affect his substantial rights and was not plain error.

**AFFIRMED**.