[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
AUG 21, 2006
THOMAS K. KAHN
CLERK

_____

No. 05-17229
Non-Argument Calendar

_____

D. C. Docket No. 03-00055-TP-SH

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

NORBERTO CHACON-BLANCO,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Southern District of Florida

_____

**(August 21, 2006)**

Before BIRCH, MARCUS and WILSON, Circuit Judges.

PER CURIAM:

Norberto Chacon-Blanco appeals the reasonableness of the two year

sentence imposed following the revocation of his supervised release, pursuant to

18 U.S.C. § 3583(e)(3). Although the sentencing guidelines range for the revocation was only three to nine months, the district court concluded that Chacon-Blanco would benefit from the two year intensive drug rehabilitation program. Because this rational is reasonable, we AFFIRM.

## I. BACKGROUND

In March 1998, Norberto Chacon-Blanco was sentenced to seventy months imprisonment and five years supervised release after being convicted for cocaine and cocaine base possession, intent to distribute, and conspiracy charges, in violation of 18 U.S.C. § 2 and 21 U.S.C. §§ 841(a)(1), (b)(1)(A)–(C) and 846. Following his release from prison, Chacon-Blanco was directed to participate in a substance abuse program as a special condition of his supervision, but he tested positive for cocaine use in July 2002, September 2002, November 2004, and June 2005. R2 at 3. The district court held a supervised release revocation hearing in December 2005, correctly calculated the guidelines range of three to nine months, and sentenced Chacon-Blanco to two years imprisonment so that he could participate in the Bureau of Prisons' five hundred hour drug treatment program. Both before the district court and on appeal, Chacon-Blanco argues that he accepted responsibility for his conduct, and therefore the two year sentence was

2

unreasonable in comparison to a guidelines range of three to nine months imprisonment.

## II. DISCUSSION

We review a sentence imposed upon revocation of supervised release for reasonableness. United States v. Sweeting, 437 F.3d 1105, 1106 (11th Cir. 2006) (per curiam). A violation of a condition of supervision is a Grade C violation of supervised release. See U.S.S.G. § 7B1.1(a)(3)(B) (2005). For a Grade C violation, the Guidelines provide a range of three to nine months imprisonment. Id. § 7B1.4(a).

Additionally, for a Grade C violation of supervised release conditions, "the court may, after considering the factors set forth in" 18 U.S.C. § 3553(a)(1), (2)(B)–(D), and (4)–(7), revoke a term of supervised release and impose a term of imprisonment not to exceed two years. 18 U.S.C. § 3583(e)(3). Among other factors, courts should consider "the need for the sentence imposed . . . to provide the defendant with needed . . . medical care . . . or . . . correctional treatment." 18 U.S.C. § 3553(a)(2)(D).

We have held that, for sentences imposed upon revocation of supervised release, the guidelines range is "merely advisory, and it is enough that there is

some indication the district court was aware of and considered them." See United States v. Aguillard, 217 F.3d 1319, 1320 (11th Cir. 2000) (per curiam). Furthermore, a two year sentence imposed upon revocation of supervised release is reasonable when it was within the statutory range and the district court considers the § 3553(a) factors in arriving at the sentence. See Sweeting, 437 F.3d at 1107; see also United States v. Wiggins, 220 F.3d 1248, 1249 (11th Cir. 2000) (permitting a two year sentence in order to allow completion of the comprehensive drug rehabilitation program).

Chacon-Blanco is unable to show that the district court imposed an unreasonable sentence. The district court was not required to impose a sentence within the three to nine month guidelines range provided in U.S.S.G. § 7B1.4(a). Furthermore, the district court's statement that Chacon-Blanco needed a two year sentence that would allow him to participate in the five hundred hour Bureau of Prisons' drug treatment program showed adequate consideration of § 3553(a) factors, particularly subsection (a)(2)(D). Finally, the sentence was less than the statutory maximum. Given these considerations, we cannot say that the sentence imposed by the district court was unreasonable.

### III. CONCLUSION

Chacon-Blanco has appealed the reasonableness of the two year sentence imposed following the revocation of his supervised release. Although this sentence is longer than the suggested guidelines range, the district court reasonably concluded that Chacon-Blanco would benefit from the two year intensive drug rehabilitation program. **AFFIRMED**.