[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
SEPT 14, 2006
THOMAS K. KAHN
CLERK

_____

No. 06-11389
Non-Argument Calendar
_____

D. C. Docket No. 05-00021-CR-FTM-33-SPC

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

CHARLES KEITH SINGLETARY,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Middle District of Florida
_____

(September 14, 2006)

Before DUBINA, CARNES and HULL, Circuit Judges.

PER CURIAM:

Charles Keith Singletary appeals after being convicted and sentenced for

conspiracy to import five kilograms or more of a mixture of cocaine, in violation of 21 U.S.C. §§ 952, 963, 960(b)(1)(B)(ii).  On appeal, Singletary raises a single contention, arguing  that the district court judge erred in failing to recuse herself based on remarks she made after sentencing.  These are the remarks that Singletary seizes upon in this appeal:

> While your lawyer asked me to sentence you to 120 months, I can't do that.  This is - - not because I don't have the option.  I do have the option if I so chose.  It's because of the severity of this crime.  I went through it at the last sentencing of your co-defendant [], but the amount of drugs involved here is just hard to even fathom, and I think you realize just since you, yourself, have dealt with drug issues in your life, just the amount of damage that that has done to citizens throughout our state, where both you and I reside, where both you and I have children who could use those drugs and have their lives ruined, and I'm sure you don't want that for your children as I don't want that for my children.  And that's the very - - that's the situation that you were involved in, by your participation in this scheme.  And this was not a situation where law enforcement stopped the drugs before they found a way to the streets of our community and that's why a strong sentence is warranted.

I.

Ordinarily we review a district judge's decision not to recuse herself for an abuse of discretion. United States v. Bailey, 175 F.3d 966, 968 (11th Cir. 1999). However, because Brown failed to raise the issue in any way in the district court, our review is only for plain error.  See Hamm v. Members of Bd. of Regents of State of Fla., 708 F.2d 647, 651 (11th Cir. 1983) (stating that where "[t]he plaintiff

2

. . . invoked neither [recusal] statute in the district court[, . . .] the plain error standard of review applies"). Plain error exists when there is: (1) error that is, (2) plain, (3) affects a defendant's substantial rights, and (4) "seriously affect[s] the fairness, integrity, or public reputation of judicial proceedings." United States v. Monroe, 353 F.3d 1346, 1349 (11th Cir. 2003) (citation and internal quotation marks omitted). We have held, however, that an error cannot meet the "plain" requirement of the plain error rule unless it is clear under current binding law. United States v. Aguillard, 217 F.3d 1319, 1321 (11th Cir. 2000).

## II.

Two statutes govern recusal: 28 U.S.C. §§ 144 and 455. Hamm v. Members of Bd. of Regents of State of Fla., 708 F.2d 647, 651 (11th Cir. 1983). Under § 144, a party can file a "timely and sufficient affidavit" complaining of a trial judge's personal bias. Under § 455, however, no affidavit is required and a judge must recuse herself whenever proper grounds exist. United States v. Kelly, 888 F.2d 732, 744 (11th Cir. 1989). The standard under § 455(a) is whether "[her] impartiality might be reasonably questioned," and § 455(b) covers circumstance-specific disqualification, such as where the judge has a personal bias against a party or personal knowledge of disputed facts, has expressed an opinion about the case outside the context of the proceedings themselves, holds a financial interest

3

implicated in the controversy, or has a spouse or relative involved with the business or affairs of one of the parties.

For recusal to occur under § 455(a), we determine whether "an objective, disinterested, lay observer fully informed of the facts underlying the grounds on which recusal was sought would entertain a significant doubt about the judge's impartiality." United States v. Patti, 337 F.3d 1317, 1321 (11th Cir. 2003). Disqualification under § 455(b) is mandatory because "the potential for conflicts of interest are readily apparent." Id. (citation and internal quotation marks omitted). To disqualify a judge under § 455(a) and (b)(1), the bias "must stem from extrajudicial sources, unless the judge's acts demonstrate 'such pervasive bias and prejudice that it unfairly prejudices one of the parties.'" Bailey, 175 F.3d at 968. "[A]dverse rulings alone do not provide a party with a basis for holding that the court's impartiality is in doubt." Byrne v. Nezhat, 261 F.3d 1075, 1103 (11th Cir. 2001).

## III.

Here the district court judge did not commit any error, much less plain error, in failing to recuse herself based upon her stated concerns about the effect that illegal drugs could have on the community, including children. We expect that all law-abiding people who are well-informed share the same concern. Not only that

4

but the sentencing statute requires that the judge consider the nature and circumstances of the crime, its seriousness, and the need to protect the public from further crimes of the defendant. 28 U.S.C. § § 3553(a)(1), (a)(2)(A) & (C). An objective, disinterested, lay observer fully informed of the facts underlying the grounds on which recusal was sought would not entertain a significant doubt about the judge's impartiality. See Patti, 337 F.3d at 1321. So, recusal was not required under § 455(a).

Nor was recusal required under § 455(b). Even Singletary concedes that the record fails to demonstrate that the district court judge had a "personal animus toward him." At most, the judge had a citizen's bias against Singletary's crime, and that is not the type of view that requires recusal. If it were, we would have no judges who could sentence murderers, because everyone has strong feelings against murder. In addition, because Singletary did not file an affidavit with the district court, § 144 is inapplicable to this appeal. See 28 U.S.C. § 144.

**AFFIRMED.**