[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
JUNE 20, 2007
THOMAS K. KAHN
CLERK

_____

No. 06-14000
Non-Argument Calendar

_____

D. C. Docket No. 98-00140-CR-KMM

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

RYAN ELLIOTT,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Southern District of Florida

_____

**(June 20, 2007)**

Before ANDERSON, CARNES and BARKETT, Circuit Judges.

PER CURIAM:

Ryan Elliott appeals his sentence of 36-months imprisonment for violating

the terms of his supervised release, one mandatory conditions of which was that he "refrain from any use of a controlled substance."

During a supervised release revocation hearing in January 2006, Elliott admitted that he had failed three drug tests and that he had relocated without informing his probation officer of his new address. Nevertheless, Elliott asked the court not to revoke his supervised release. He argued that because his violations were all related to his drug addiction, drug treatment would be the most effective way remedy his violations. In response to Elliott's request, the district court offered Elliott a choice: (1) he could serve nine months imprisonment; or (2) he could attend a ninety-day in-patient drug treatment program, to be followed by another two years of supervised release. The district court also warned Elliott that if he chose the second option, any future violations of the terms of his supervised release would result in a revocation of his supervised release and a prison sentence of up to five years, which was the statutory maximum. Elliott chose the second option.

On April 7 and April 17, 2006—less than two months after Elliot completed his drug treatment program—he tested positive for marijuana. In July 2006, he appeared before the same district court judge who had warned him about the consequences of further violations of the terms of his supervised release. Although

2

Elliott asked for a sentence within the advisory sentencing guidelines range of 3 to 9 months imprisonment, the court reminded Elliott that it had previously discussed with him the consequences of another violation, and it sentenced him to 36-months imprisonment, to be followed by 24 months of supervised release. When the district court asked for objections, Elliott's attorney responded as follows: "Your honor, we would object on the grounds that it is an unreasonable sentence."

On appeal, Elliott makes two contentions: (1) that his sentence is "invalid" because the district court did not explicitly acknowledge the factors set forth in 18 U.S.C. § 3553(a) when it issued his sentence; and (2) that his 36-month sentence is an unreasonable punishment for his violations.

Because Elliott did not object to the district court's failure to explicitly announce that it had considered the factors in § 3553(a) when it sentenced Elliott, our review is only for plain error. See United States v. Aguillard, 217 F.3d 1319, 1320 (11th Cir. 2000). Plain error exists where (1) there is an error, (2) that is plain, and (3) that affects substantial rights. United States v. Williams, 445 F.3d 1302, 1308 (11th Cir. 2006). To affect a defendant's substantial rights, the error "must have affected the outcome of the district court proceedings. The standard for showing that is the familiar reasonable probability of a different result formulation, which means a probability sufficient to undermine confidence in the

3

outcome." United States v. Rodriguez, 398 F.3d 1291, 1299 (11th Cir. 2005) (quotation marks and citations omitted).

Even if we assume that the district court plainly erred by failing to state on the record that it had considered the § 3553(a) factors, Elliott still has not shown that his substantial rights were violated, because there is no reason to believe the outcome would have been any different. At the January 2006 hearing, the district court considered Elliott's circumstances, offered him a choice between two sentences, and warned him about the consequences that would follow from any failure to abide the terms of the sentence that he chose. The sentence that Elliott is now appealing is a direct result his failure to live up to the terms of his earlier bargain, after being warned of the consequences. There is no reasonable probability of different consequences had the district court explicitly considered the § 3553(a) factors.

Elliott's second contention is that his sentence is unreasonably long. We review a sentence imposed upon revocation of supervised release for reasonableness. United States v. Sweeting, 437 F.3d 1105, 1106–07 (11th Cir. 2006). Our "[r]eview for reasonableness is deferential," Williams, 456 F.3d at 1363, and is guided by the factors set forth in § 3553(a). Id. "[T]here is a range of reasonable sentences from which the district court may choose." Id. "We will not

4

substitute our judgment in weighing the relevant factors because '[o]ur review is not <u>de novo</u>.'" <u>Id.</u> Upon finding by a preponderance of the evidence that a defendant has violated a condition of his supervised release, a district court may, under 18 U.S.C. § 3583(e), revoke the term of supervised release and impose a term of imprisonment. <u>Sweeting</u>, 437 F.3d at 1107.

Elliott has not convinced us that the district court's sentence is unreasonable. Although the 36-month sentence exceeds the advisory guidelines range, it is less than the permitted statutory maximum sentence of five years, and it is a direct result of Elliott's failure to fulfill the terms outlined by the district court during his previous revocation hearing, which had occurred just seven months earlier. Given the facts of this case and our deferential standard of review, we cannot say that Elliott's sentence is unreasonable.

**AFFIRMED.**