[PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 99-13358

_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
JULY 05 2000
THOMAS K. KAHN
CLERK

D.C. Docket No. 97-00050-CR-1-CB-003

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

JENNIFER AGUILLARD,

Defendant-Appellant.

_____

Appeal from the United States District Court for the
Southern District of Alabama

_____

**(July 5, 2000)**

Before CARNES and MARCUS, and FARRIS[*], Circuit Judges.

_____

[*]Honorable Jerome Farris, U.S. Circuit Judge for the Ninth Circuit, sitting by designation.

PER CURIAM:

Jennifer Ford Aguillard appeals her 24-month sentence imposed upon revocation of supervised release, contending that it is too long.

Aguillard concedes that 18 U.S.C. § 3583 authorizes the district court to revoke her term of supervised release and impose a maximum term of two years' imprisonment. But she argues that although the policy statements of chapter seven of the sentencing guidelines are not binding, the sentencing court must at least consider them in revocation proceedings. Aguillard points out that under U.S.S.G. § 7B1.4 she would be subject to a three- to nine-month term of imprisonment, and that two-year terms of imprisonment generally are reserved for more serious offenders and offenses.

Aguillard further argues that the district court imposed the maximum sentence solely for the purpose of ensuring that she would undergo comprehensive drug abuse rehabilitation treatment, including mental health counseling. She argues that sentencing solely for rehabilitative program purposes is contrary to this Court's decision in United States v. Harris, 990 F.2d 594 (11th Cir. 1993).

We review a district court's decision to exceed the chapter seven guidelines' recommended sentencing range for an abuse of discretion. See United States v.

2

Hofierka, 83 F.3d 357, 361-62 (11th Cir. 1996). Where a defendant raises a sentencing argument for the first time on appeal, we review for plain error. See United States v. Stevenson, 68 F.3d 1292, 1294 (11th Cir. 1995). The plain error standard is applicable here, because in the district court Aguillard did not raise the specific issues she raises now. There is a difference between arguing that a longer sentence is unnecessary for rehabilitation, and arguing that rehabilitative programs may not be taken into account in deciding the length of the sentence.

"For this Court to correct plain error: (1) there must be error; (2) the error must be plain; and (3) the error must affect substantial rights." Id. at 1294. The district court did not commit plain error when it sentenced Aguillard to the 24-month statutory maximum term of imprisonment. That period is a permissible term of imprisonment under 18 U.S.C. § 3583(e)(3) & (g). We have held that the chapter seven guidelines are merely advisory, and it is enough that there is some indication the district court was aware of and considered them. See Hofierka, 83 F.3d at 361. In this case, the district court explicitly mentioned those guidelines and decided the sentence they recommended was inadequate under the circumstances. The court was not required to apply the § 7B1.4 recommended sentence. See id.

That leaves Aguillard's argument that the district court erred in basing the length of her sentence on the prospects of her receiving drug rehabilitation treatment. In United States v. Harris, 990 F.2d 594, 597 (11th Cir. 1993), we did say that "it is inappropriate to imprison or extend the term of imprisonment of a federal drug defendant for the purpose of providing him with rehabilitative treatment." However, Harris involved an initial sentencing, not a sentence being imposed upon the revocation of supervised release. Moreover, that case involved a guidelines requirement (about concurrent versus consecutive sentences) which the district court violated, not an advisory guideline which the court could follow or not. See id. at 595 - 96. Accordingly, despite some broad dicta in the Harris opinion, that decision could not have held anything about whether a sentence imposed upon revocation of supervised release may be influenced or extended up to the maximum for the purpose of making rehabilitative programs more available to the defendant. See United States v. Hunter, 172 F.3d 1307, 1309 (11th Cir. 1999) (Carnes, J., concurring) ("The holdings of a prior decision can reach only as far as the facts and circumstances presented to the Court in the case which produced that decision.").

That is an issue of first impression in this circuit, but six circuits have addressed the issue. All six of them agree that it is not improper to take the

availability of rehabilitative programs into account in deciding the length of sentence up to the maximum upon revocation of supervised release.  See United States v. Anderson, 15 F.3d 278 (2d Cir. 1994); United States v. McGhee, 85 F.3d 618 (4th Cir. 1996) (unpublished table decision);  United States v. Giddings, 37 F.3d 1091 (5th Cir. 1994); United States v. Jackson, 70 F.3d 874 (6th Cir. 1995); United States v. Harlow, 124 F.3d 205 (7th Cir. 1997) (unpublished table decision);  United States v. Shaw, 180 F.3d 920 (8th Cir. 1999).

We have held that an error cannot meet the "plain" requirement of the plain error rule unless it is "clear under current law."  United States v. Humphrey, 164 F.3d 585, 587 (11th Cir. 1999) (quoting United States  v. Olano, 507 U.S. 725, 734, 113 S.Ct. 1770, 1777 (1993)).  We have also held that where neither the Supreme Court nor this Court has ever resolved an issue, and other circuits are split on it, there can be no plain error in regard to that issue.  See Humphrey, 164 F.3d at 588;  accord United States  v.  Magluta, 198 F.3d 1265, 1280 (11th Cir. 1999) ("As we have explained in Humphrey, a district court's error is not "plain" or "obvious" if there is no precedent directly resolving an issue.").  Here, not only is there no Supreme Court or Eleventh Circuit precedent on the issue, the six circuits that have addressed it have all resolved the issue the same way the district court did, deciding that rehabilitative programs may be considered in determining the length

of a sentence imposed upon revocation of supervised release. It follows that the district court did not commit plain error in doing so.

**AFFIRMED.**