[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

**FILED**
**U.S. COURT OF APPEALS**
**ELEVENTH CIRCUIT**
**September 30, 2005**
**THOMAS K. KAHN**
**CLERK**

No. 04-14378
Non-Argument Calendar

_____

D.C. Docket No. 01-00731-CR-ASG

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

LEONARDO FERNANDEZ,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Southern District of Florida

_____

**(September 30, 2005)**

Before EDMONDSON, Chief Judge, HULL and WILSON, Circuit Judges.

PER CURIAM:

Leonardo Fernandez appeals his 16-month sentence imposed after he violated his probation. Fernandez argues that the district court erred by increasing his sentence beyond the applicable guideline range and violated his due process rights by giving no notice of its intent to increase his sentence in this manner. No reversible error has been shown; we affirm.

Fernandez was convicted in 2002 of conspiracy to commit cargo theft, in violation of 18 U.S.C. § 371. His guideline range was 10 to 16 months' imprisonment; but the district court sentenced him to a "very lenient" two years' probation. In 2003, Fernandez violated his probation by (1) conspiring to commit cargo theft and possessing stolen property, in violation of 18 U.S.C. §§ 371, 659, and (2) leaving the judicial district without permission. At the probation violation hearing, the district court noted that the guideline calculation for Fernandez's probation violation was 4 to 10 months' imprisonment, with a statutory maximum 5-year sentence. But the district court advised Fernandez that it was not going to decide then whether to sentence him within the guideline range, it would consider further discussion from the government on what the proper sentence should be, and that the court's only restriction in determining the sentence was the statutory maximum. The court also noted that it initially had given Fernandez a "very

lenient sentence", and that Fernandez had committed a similar crime only a year into his probation.

At sentencing, the district court revoked Fernandez's probation and sentenced him to 16 months' imprisonment. In determining that a departure outside the guideline range was warranted, the court concluded (1) that, due to Fernandez's repeated criminal behavior, the guideline range did not reflect the seriousness of the violations, and (2) that a 16-month sentence would have been at the high end of the guidelines when the district court imposed the initial, lenient sentence.

We review for an abuse of discretion a district court's decision to exceed the sentencing range recommended in Chapter 7 of the Sentencing Guidelines. United States v. Hofierka, 83 F.3d 357, 861-62 (11th Cir. 1996). And, as Fernandez did not raise below his argument about the district court's failure to give notice of its intent to exceed the guideline range, we review that argument for plain error.[1] See United States v. Aguillard, 217 F.3d 1319, 1320 (11th Cir. 2000).

In fashioning a sentence after a defendant violates probation, a district court is to consider, but is not required to follow, the guideline range set out in Chapter

---

[1]Fernandez only requested that the district court sentence him within the recommended guideline range.

7 of the Sentencing Guidelines. See 18 U.S.C. § 3553(a)(4)(B); Hofierka, 83 F.3d at 360-61 (stating that Chapter 7 merely is a policy statement, not a mandatory guideline). As the Chapter 7 guidelines merely are advisory, "it is enough that there is some indication the district court was aware of and considered them." Aguillard, 217 F.3d at 1320. Here, the district court indicated that it was aware of and considered the guideline range. But the district court rejected that range and imposed a higher sentence because Fernandez committed new, similar offenses soon after he began his term of probation. The district court abused no discretion in sentencing Fernandez beyond the Chapter 7 recommended range. And the district court was not required to give notice that it was exceeding the Chapter 7 range. See Hofierka, 83 F.3d at 362-63 (stating that district court need not give notice of intent to exceed Chapter 7 range because exceeding this range is not departure).[2] We see no error in the manner in which the district court sentenced Fernandez after revoking his probation.

AFFIRMED.

---

[2]In any event, we note that, at the initial probation violation hearing, the district court advised Fernandez that it would not sentence him within the guideline range at that time and that the court was bound only by the statutory maximum five-year sentence.