[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS
FOR THE ELEVENTH CIRCUIT
_____

No. 05-11844
_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
JANUARY 26, 2006
THOMAS K. KAHN
CLERK

D. C. Docket No. 04-00023-CR-1-1

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

HAROLD OATNEAL,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Northern District of Georgia
_____

**(January 26, 2006)**

Before TJOFLAT, ANDERSON and BLACK, Circuit Judges.

PER CURIAM:

Harold Oatneal appeals the 30-month sentence imposed after revocation of his supervised release on the ground that the district court failed to consider the Chapter 7 policy statements at U.S.S.G. § 7B1.4.

Since Oatneal raised his sentencing argument for the first time on appeal, we review it for plain error. United States v. Aguillard, 217 F.3d 1319, 1320 (11th Cir. 2000). We will, in our discretion, correct plain error where there is (1) error, (2) that is plain, and (3) that affects substantial rights, but only if (4) the error seriously affects the fairness, integrity, or public reputation of judicial proceedings. United States v. Rodriguez, 398 F.3d 1291, 1298 (11th Cir.), cert. denied, (U.S. June 20, 2005) (No. 04-1148) (internal citations and quotations omitted).

Upon finding that a defendant violated supervised release, the district court may revoke the term of supervised release and impose a term of imprisonment after considering various factors set out in 18 U.S.C. § 3553(a). 18 U.S.C. § 3583(e). The term imposed cannot exceed the statutory maximum, which is determined by the class of the violation. Id. Relevant factors in determining the length of imprisonment upon revocation include the nature and circumstances of the offense, the history and characteristics of the defendant, the need for the sentence imposed to afford adequate deterrence to criminal conduct, and the kinds of sentences and sentencing ranges established under the applicable guidelines and policy statements

2

issued by the Sentencing Commission. 18 U.S.C. § 3553(a)(1), (2)(B), (4)(B). The sentencing court "shall state in open court the reasons for its imposition of a particular sentence, and, if the sentence . . . is not of the kind, or is outside the range, described in subsection (a)(4), the specific reason for the imposition of a sentence different from that described." 18 U.S.C. § 3553(c)(2).

Chapter 7 of the Sentencing Guidelines governs violations of supervised release and contains policy statements, one of which provides recommended ranges of imprisonment applicable upon revocation. U.S.S.G. § 7B1.4(a). This Court has consistently held that the policy statements of Chapter 7 are merely advisory and not binding. Aguillard, 217 F.3d at 1320. While the district court is required to consider the policy statements, it is not bound by them. United States v. Brown, 224 F.3d 1237, 1242 (11th Cir. 2000). When exceeding the recommended range, the court normally must indicate that it considered the Chapter 7 policy statements. Aguillard, 217 F.3d at 1320. Nevertheless, it is "enough that there is some indication the district court was aware of and considered them." Id. (emphasis added).

Based on the "some indication" test in Aguillard, we conclude that the district court here did not commit error in imposing a 30-month sentence on Oatneal. At the hearing, the government commented that "the guideline range in

the case is . . . six to twelve months, the statutory maximum is three years," and then made a recommendation of two years' imprisonment. Oatneal's attorney stated that two years was excessive and the district court replied that the government's recommendation "may be lenient." Although the district court did not explicitly mention Chapter 7 or the recommended guideline range, it was aware of the range because the government had informed the court. The district court implicitly rejected the guideline range when it noted that the government's recommendation of two years was "lenient." Furthermore, the district court announced in open court its specific reason for imposing a 30-month sentence, as is required by § 3553(c)(2). Therefore, the district court committed no error in sentencing Oatneal.

Even if Oatneal could demonstrate that the district court erred by failing to consider the Chapter 7 guideline range, he could not meet the third prong of plain error review. Oatneal has not shown that his sentence would have been different absent the error. The record does not reveal prejudice to Oatneal's substantial rights. The government explained its reasons for seeking a sentence beyond the advisory range, and the court heard this explanation. The government demonstrated that Oatneal had repeatedly violated his supervised release, despite prior hearings and several accommodations. The district court stated its reason for imposing a 30-month sentence. The sentence imposed by the district court was less than the

4

statutory maximum. Because Oatneal cannot demonstrate that the district court failed to consider the Chapter 7 policy statements and because Oatneal's substantial rights were not affected, we affirm.

**AFFIRMED.**[1]

---

[1] Oatneal's request for oral argument is denied.