[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

FILED

U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
March 6, 2006
THOMAS K. KAHN
CLERK

_____

No. 05-14518
Non-Argument Calendar
_____

D. C. Docket No. 05-00006-CR-HL-6

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

RIGOBERTO TAPIA CASTANEDA,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Middle District of Georgia

_____

**(March 6, 2006)**

Before TJOFLAT, DUBINA and FAY, Circuit Judges.

PER CURIAM:

Rigoberto Tapia-Castaneda appeals his 71-month sentence, imposed after he pled guilty to illegal re-entry by a deported alien, a violation of 8 U.S.C. §§ 1326(a)(2) and (b)(1). On appeal, he argues that the district court erred by using the same prior conviction to increase his base offense level under U.S.S.G. § 2L1.2(b)(1)(A)(ii) and also increase his criminal history category from III to IV. For the reasons set forth more fully below, we affirm.

Tapia-Castaneda pled guilty pursuant to an agreement. At the plea colloquy and in the plea agreement, Tapia-Castaneda admitted to the following facts. Tapia-Castaneda is a native and citizen of Mexico, and in 1989 was convicted of assault with a firearm upon a law enforcement officer in Los Angeles, California, a felony offense. In September 1994, after serving his sentence, Tapia-Castaneda was deported from the United States. On February 28, 2005, an Immigration and Customs Enforcement agent met with Tapia-Castaneda at Thomas County Jail Justice Center in Thomasville, Georgia. After being advised of and waiving his Miranda rights, Tapia-Castaneda admitted that he was a citizen of Mexico, had been deported in 1994, and had re-entered the United States without permission to do so. Immigrations and Customs Enforcement (ICE) records confirmed that Tapia-Castaneda had not sought permission to re-enter from the United States government.

A presentence investigation report set Tapia-Castaneda's base offense level at 8, pursuant to U.S.S.G. § 2L1.2(a). Tapia-Castaneda then received a 16-level enhancement under § 2L1.2(b)(1)(A)(ii) because he previously had been deported following a conviction for felony crime of violence, that is, the firearm charge. His offense level was reduced three levels for acceptance of responsibility under §§ 3E1.1(a) and (b), for a total offense level of 21. Tapia-Castaneda was assessed nine criminal history points, including three points for the assault with a firearm charge, placing him in criminal history category IV. At offense level 21, criminal history category IV, the guidelines recommended a sentence between 57 and 71 months' imprisonment. No objections were made to the PSI.

At sentencing, Tapia-Castaneda reiterated that he had no objections to the PSI, and admitted that his sentence should be enhanced based on his prior convictions. However, he requested that the court consider a lesser enhancement to his offense level in light of the fact that the guidelines were no longer mandatory and his offense level was already being enhanced for his prior convictions, as reflected by his criminal history category IV. Absent the 16-level enhancement for being deported following a conviction for a felony crime of violence, Tapia-Castaneda argued that his sentencing range would be 10 to 16 months instead of 57 to 71 months.

The district court found that Tapia-Castaneda's offense level was 21 and his criminal history category was IV, providing for a recommended sentence of 57 to 71 months' imprisonment. The court then rejected Tapia-Castaneda's request for leniency, stating that, "in view of [Tapia-Castaneda's] situation of being here illegally and his extensive record of violation of the criminal laws of this country while he is an uninvited guest, I think that the calculated guideline range is extremely fair to him." The court then sentenced Tapia-Castaneda to 71 months' imprisonment.

On appeal, Tapia-Castaneda argues that the district court erred by sentencing him at criminal history category IV, when the same prior conviction used to enhance his criminal history was also used to enhance his base offense level by 16 levels under § 2L1.2(b)(1)(A)(ii). Essentially, Tapia-Castaneda argues that the district court had discretion under § 2L1.2, comment. (n.6), on whether or not to consider his prior conviction when calculating his criminal history under Chapter Four, Part A of the guidelines, but that the district court believed it had no choice in the matter based on the PSI.

In this case, Tapia-Castaneda did not object to the district court's calculations, and the failure to be aware of its discretion, rather, he requested that the court take into consideration the fact that his sentence was enhanced twice

4

based on the same prior conviction, and but for the 16-level enhancement, his sentence would be significantly less. Accordingly, we will review only for plain error. "An appellate court may not correct an error the defendant failed to raise in the district court unless there is: (1) error, (2) that is plain, and (3) that affects substantial rights." United States v. Rodriguez, 398 F.3d 1291, 1298 (11th Cir.), cert. denied 125 S.Ct. 2935 (2005) (quotation and citation omitted). "If all three conditions are met, an appellate court may then exercise its discretion to notice a forfeited error, but only if (4) the error seriously affects the fairness, integrity, or public reputation of judicial proceedings." Id. Furthermore, in order for an error to be plain, it must be clear under current law. See United States v. Aguillard, 217 F.3d 1319, 1321 (11th Cir. 2000). We have "also held that where neither the Supreme Court nor this Court has ever resolved an issue, and other circuits are split on it, there can be no plain error in regard to that issue." Id.

Pursuant to § 2L1.2(b)(1)(A), if a defendant previously was deported after a conviction for a felony that was a crime of violence, a 16-level enhancement is warranted. U.S.S.G. § 2L1.2(b)(1)(A)(ii). The commentary to § 2L1.2 specifically states that a "conviction taken into account under subsection (b)(1) is not excluded from consideration of whether that conviction receives criminal history points pursuant to Chapter Four, Part A (Criminal History)." U.S.S.G. § 2L1.2, comment.

5

(n.6). Tapia-Castaneda's argument is that this language leaves it to the district court's discretion whether to consider the same prior conviction when determining criminal history under Chapter Four, and the district court in this case believed that it lacked such discretion. He relies on the commentary to § 2L1.1, which provides more specifically that "[p]rior felony conviction(s) resulting in an adjustment under subsection (b)(3) are also counted for purposes of determining criminal history points pursuant to Chapter Four, Part A (Criminal History)." U.S.S.G. § 2L1.1, comment. (n.5). Thus, because the Sentencing Commission used "are also counted" in one application note, and "is not excluded" in another, Tapia-Castaneda argues that the Commission intended to grant courts more discretion when determining whether or not to count a prior conviction used for an enhancement in § 2L1.2(b) towards Chapter Four determinations.

Notwithstanding the fact that there is nothing in the record to indicate that the district court, as Tapia-Castaneda argues, "believed it had no other choice" than to consider the prior conviction when determining Tapia-Castaneda's criminal history under Chapter Four, Part A (Criminal History), there does not appear to be a single case from any circuit interpreting the aforementioned commentaries to §§ 2L1.1 and 2L1.2 in the manner that Tapia-Castaneda suggests. Moreover, as the commentary to § 1B1.1 (Application Instructions) make clear:

6

> Absent an instruction to the contrary, enhancements under Chapter Two, adjustments under Chapter Three, and determinations under Chapter Four are to be applied cumulatively. In some cases, such enhancements, adjustments, and determinations may be triggered by the same conduct.

U.S.S.G. § 1B1.1, comment. (n.4(B)). Accordingly, discretionary or not, the district court did not commit any error by using a prior conviction to both enhance Tapia-Castaneda's offense level and calculate his criminal history category.

Finally, the district court specifically rejected Tapia-Castaneda's request to be given leniency based on the fact that the same conviction that warranted the 16-level enhancement also increased his criminal history category to IV. The court disagreed that the guidelines range was unfair to Tapia-Castaneda in light of his multiple violations of law while an "uninvited guest" in the United States. Thus, the district court did consider whether Tapia-Castaneda's sentence should be less than what the guidelines proposed in light of the prior conviction issue, and rejected his argument.

Therefore, we conclude that the district court did not commit any plain error when applying the guidelines and calculating Tapia-Castaneda's sentence. We, therefore, affirm.

**AFFIRMED.**