[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
JULY 12, 2006
THOMAS K. KAHN
CLERK

No. 05-15314
Non-Argument Calendar
_____

D. C. Docket No. 05-00005-CR-6

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

RAY LACOUNT ALLEN, JR.,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Southern District of Georgia

_____

**(July 12, 2006)**

Before ANDERSON, BLACK and BARKETT, Circuit Judges.

PER CURIAM:

Ray Lacount Allen, Jr., appeals his 30 month sentence for violating a

condition of supervised release from his original conviction for bank robbery, namely refraining from the use of controlled substances. On appeal, Allen argues that the district court erred when it imposed a 30 month sentence, nearly three times the upper limit of the United States Sentencing Guidelines (U.S.S.G.) Chapter Seven advisory range. Allen also argues that the district court erred in revoking his term of 30 months of supervised release because the district court did not comply with 18 U.S.C. § 3583(d) to consider the availability of appropriate substance abuse programs.

Where the defendant did not raise an objection to his sentence following revocation of supervised release in the district court, we review for plain error. United States v. White, 416 F.3d 1313, 1317 (11th Cir. 2005). "An appellate court may not correct an error the defendant failed to raise in the district court unless there is: (1) error, (2) that is plain, and (3) that affects substantial rights. If all three conditions are met, an appellate court may then exercise its discretion to notice a forfeited error, but only if (4) the error seriously affects the fairness, integrity, or public reputation of judicial proceedings." Id. at 1317. We discuss the issues in turn.

## I.

Where a defendant has violated conditions of supervision, the district court

may revoke the term of supervised release and impose a term of imprisonment after considering various factors. 18 U.S.C. § 3583(e)(3). The statutory maximum of the sentence imposed for revocation of supervised release is determined by the class of the original offense. Id. In this case, Allen's original offense of bank robbery was a Class B felony punishable by twenty-five years or more. 18 U.S.C. § 3559(a)(2). Therefore, the statutory maximum sentence for the violation of a condition of supervision is no more than three years imprisonment. 18 U.S.C. § 3583(e)(3).

Chapter Seven of the United States Sentencing Guidelines contains policy statements for courts to consider in determining a sentence for violation of supervised release. U.S.S.G. ch. 7 pt. A(1) (2004); see White, 416 F.3d at 1318. The recommended range under Chapter Seven is based on the classification of the conduct that resulted in the revocation and the criminal history category applicable at the time the defendant was originally sentenced to the term of supervision. U.S.S.G. §§ 7B1.1, 7B1.4. Chapter Seven provides for a five to eleven month term of imprisonment when a defendant's supervised release is revoked for committing a Grade C violation and the defendant has a criminal history category of III. U.S.S.G. §§ 7B1.1(a)(3), 7B1.4(a). Grade C violations include conduct constituting (A) a federal, state, or local offense punishable by a term of

3

imprisonment of one year or less; or (B) a violation of any other condition of supervision. U.S.S.G. § 7B1.1(a)(3).

Further, the sentencing court "shall state in open court the reasons for its imposition of a particular sentence, and if the sentence . . . is not of the kind, or is outside the range, described in [§ 3553(a)(4)], the specific reason for imposition of a sentence different from that described." 18 U.S.C. § 3553(c)(2).

In United States v. Aguillard, 217 F.3d 1319, 1320 (11th Cir. 2000), however, we upheld the district court's decision to exceed the Chapter Seven guideline range where the district court explicitly mentioned those guidelines and decided the sentence they recommended was inadequate under the circumstances.

The district court did not plainly err by sentencing Allen outside the recommended range. First, the sentence was permissible and did not exceed the statutory maximum of three years or 36 months. See 18 U.S.C. § 3583(e)(3). Second, the district court explicitly mentioned the Chapter Seven recommended range, but decided that any sentence within the range would be inadequate under the circumstances. See 18 U.S.C. § 3553(c)(2). Ultimately, the district court rejected the advisory range because it found that Allen had been given enough opportunities to reform himself, but that he chose to manipulate the system and continue to use illegal drugs. Accordingly, we affirm in this respect.

4

**II.**

As noted above, upon finding that a defendant violated conditions of supervised release, the district court may revoke the term of supervised release and impose a term of imprisonment after considering various factors set out in 18 U.S.C. § 3553(a). 18 U.S.C. § 3583(e). Relevant factors for determining the length of imprisonment upon revocation include: (i) the nature and circumstances of the offense and the history and characteristics of the defendant (§ 3553(a)(1)); (ii) the need to afford adequate deterrence to criminal conduct (§ 3553(a)(2)(B)); (iii) the need to protect the public from further crimes of the defendant (§ 3553(a)(2)(C)); (iv) the need to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner (§ 3553(a)(2)(D)); (v) the kinds of sentence and the sentencing range established (§ 3553(a)(4)); (vi) any pertinent policy statement issued by the Sentencing Commission (§ 3553(a)(5)); (vii) the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct (§ 3553(a)(6); and (viii) the need to provide restitution to any victims of the offense (§ 3553(a)(7)). 18 U.S.C. § 3553(a). Under § 3583(g), however, the district court must revoke the term of supervision where the defendant, among other things, possesses a controlled substance in violation of a

condition. 18 U.S.C. § 3583(g).

The district court did not plainly err when it refused Allen's request for placement at a drug treatment facility or a federal prison with a residential drug abuse program. The district court was authorized, under § 3583(e)(3), to exercise its discretion upon consideration of certain factors to revoke Allen's term of supervised release because Allen admitted to having violated condition seven of his supervision by using a controlled substance. Further, the record does not show and Allen does not present any evidence to support his argument that the district court was under the false impression that it was required to revoke his term of supervised release under § 3583(g).

In addition, the district court properly considered the appropriate § 3553(a) factors. For example, the district court heard testimony regarding an available drug treatment facility and the court acknowledged Allen's request for placement in a drug treatment program. The court also considered Allen's repeated use of controlled substances, in December 2004 and May 2005, and the fact that he had received a specific and stern warning regarding the district court's zero drug tolerance policy. Furthermore, the district court considered the substantial reduction in sentence Allen received at the time of his original sentencing for the purpose of showing that the government and the federal court had already been

6

lenient with him and given him an opportunity to reform himself. Finally, the district court concluded that the policies of affording adequate deterrence to criminal conduct and protecting the public from further crimes of the defendant warranted incarcerating Allen. Accordingly, we affirm in this respect.

**AFFIRMED.**