[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
APRIL 25, 2008
THOMAS K. KAHN
CLERK

_____

No. 07-13474
Non-Argument Calendar

_____

D. C. Docket No. 06-00471-CR-01-ODE-1

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

JAMES EDWARD SOMMERVILLE,
a.k.a. Jim Sommerville,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Northern District of Georgia

_____

**(April 25, 2008)**

Before MARCUS, WILSON and PRYOR, Circuit Judges.

PER CURIAM:

James Edward Sommerville appeals his sentence of imprisonment for 195

months for distribution of child pornography, 18 U.S.C. § 2252A(a)(2)(A), (b)(1), and possession of child pornography, 18 U.S.C. § 2252A(a)(5)(B), (b)(2). Sommerville challenges for the first time the reliability of the evidence submitted to the district court to support a five-level enhancement for a pattern of activity involving the exploitation of a minor. U.S.S.G. § 2G2.2(b)(5). We affirm.

Sommerville contests the reliability of the evidence regarding the enhancement in three respects. First, Sommerville argues that the governement failed to establish that the instant messages and chats relied on by the district court involved a minor. Although a participant in one of the chats mentioned an age of 10 years old, Sommerville argues that the agent did not provide any testimony about the ages of the other profiles beyond stating "young female" or "younger teenage female, teenage or younger." Second, Sommerville argues that "[t]he evidence was hearsay from partial conversations, which failed to satisfactorily prove 'sexual abuse or exploitation.'" Third, Sommerville argues that the district court failed to make findings as to the reliability or credibility of the evidence.

Sommerville's arguments on appeal are different from his earlier objections regarding the enhancement. In the presentencing report, Sommerville's written objection to the application of the enhancement was that he never tried to travel or meet with anyone. During the sentencing hearing, Sommerville explained that his

2

objection to the enhancement was based on the email chats being part of the same transaction and not a pattern of activity. Sommerville renewed that objection to the enhancement at the end of the sentencing hearing.

We review issues raised for the first time on appeal for plain error. United States v. Aguillard, 217 F.3d 1319, 1320 (11th Cir. 2000). Under that standard, there must be (1) an error, (2) that is plain, and (3) affects substantial rights. Id. We may then exercise our discretion to correct the error if it seriously affects the fairness, integrity, or public reputation of the judicial proceedings. United States v. Olano, 507 U.S. 725, 732, 113 S. Ct. 1770, 1776 (1993). "To preserve an issue for appeal, 'one must raise an objection that is sufficient to apprise the trial court and the opposing party of the particular grounds upon which appellate relief will later be sought.' The objection must be raised 'in such clear and simple language that the trial court may not misunderstand it.'" United States v. Straub, 508 F.3d 1003, 1011 (11th Cir. 2007) (internal citation marks omitted). Because Sommerville raised no objection to the reliability of the evidence he now challenges, we review these issues for plain error. Id.

Section 2G2.2(b)(5) of the United States Sentencing Guidelines provides for a five-level enhancement "[i]f the defendant engaged in a pattern of activity involving the sexual abuse or exploitation of a minor." The application notes

explain that the enhancement applies for "any combination of two or more separate instances of the sexual abuse or sexual exploitation of a minor by the defendant, whether or not the abuse or exploitation (A) occurred during the course of the offense; (B) involved the same minor; or (C) resulted in a conviction for such conduct." Id. § 2G2.2(b)(5) cmt. n.1. "Minor" is defined as follows:

> (A) an individual who had not attained the age of 18 years; (B) an individual, whether fictitious or not, who a law enforcement officer represented to a participant (i) had not attained the age of 18 years, and (ii) could be provided for the purposes of engaging in sexually explicit conduct; or (C) an undercover law enforcement officer who represented to a participant that the officer had not attained the age of 18 years.

Id.

"Sexual abuse or exploitation" is defined as conduct prohibited under various criminal statutes or the attempt to commit such an offense, but excludes "possession, receipt, or trafficking in material relat[ed] to the sexual abuse or exploitation of a minor." Id. One of those statutes makes it illegal to "employ[], use[], persuade[], induce[], entice[], or coerce[] any minor to engage in . . . any sexually explicit conduct for the purpose of producing any visual depiction of such conduct. . . ." 18 U.S.C. § 2251(a). An attempt to violate section 2251 is proscribed by subsection (e) of that section. Id. § 2251(e). Another of the statutes makes it illegal to persuade, induce, or entice any individual to travel in interstate

4

commerce to engage in any sexual activity for which any person can be charged with a criminal offense, or to attempt to do so. 18 U.S.C. § 2422(a). Section 2422(b) also makes it illegal for any person to persuade, induce, or entice, a person who has not attained the age of 18 years to engage in sexual activity for which any person can be charged with a criminal offense, or to attempt to do so. Id. § 2422(b).

Sommerville's arguments fail. The district court did not plainly err when it found that Sommerville's chats involved minors and relied on the representations of "Jessica" that she was 14 years old and "Kathy" that she was 10 years old. The online chats with Agents Yoder and Sutherland, who posed as mothers of minor children, also supported the enhancement. U.S.S.G. § 2G2.2(b)(5). The presentence investigation report established that Sommerville had nine conversations with the agents and sent them eight images of child pornography and one video of child pornography. Sommerville proposed meeting to have sex with the mothers and their minor children. 18 U.S.C. § 2422(a). Sommerville cannot now complain that the district court failed to make any findings about the reliability of this evidence when Sommerville failed to object and there is nothing in the record to suggest that the evidence is unreliable.

Sommerville's sentence is **AFFIRMED.**

5