[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
APR 6, 2009
THOMAS K. KAHN
CLERK

No. 08-13327
Non-Argument Calendar

_____

D. C. Docket No. 07-00419-CR-4

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

LANCE HENSLEY,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Southern District of Georgia

_____

**(April 6, 2009)**

Before BLACK, CARNES and BARKETT, Circuit Judges.

PER CURIAM:

Lance Hensley appeals his 80-month sentence for possession of child

pornography, in violation of 18 U.S.C. § 2252A(a)(5)(B). He contends that the district court erred in enhancing his sentence for possession of 600 or more images under § 2G2.2(b)(7)(D) of the sentencing guidelines.[1]

The sentencing guidelines provide for a five-point increase in a defendant's base offense level for possessing over 600 images of child pornography. The district court found that Hensley had been in possession of over 13,000 images based on the videos and images of child pornography found on his home computer. Hensley did not object to the § 2G2.2(b)(7)(D) enhancement before the district court and, therefore we review it only for plain error. See United States v. Aguillard, 217 F.3d 1319, 1320 (11th Cir. 2000) (per curiam). "The four prongs of plain error review are: (1) there must be error; (2) the error must be plain; (3) the error must affect the appellant's substantial rights; and (4) the error must seriously affect the fairness, integrity, or public reputation of judicial proceedings." United States v. Novaton, 271 F.3d 968, 1014 (11th Cir. 2001) (internal quotation marks and alteration omitted). We will not correct any error unless all four requirements are met. Id.

Hensley contends that the district court plainly erred because there was

---

[1] Hensley further argues that his trial counsel rendered constitutionally ineffective assistance. Because the record is insufficiently developed to permit review of this claim on direct appeal, we decline to address it. See United States v. Le, 256 F.3d 1229, 1241 (11th Cir. 2001).

insufficient evidence to support the finding that he had possessed over 600 images of child pornography. That contention fails. Findings of fact for sentencing purposes may be based on "undisputed statements in the presentence report." United States v. Saunders, 318 F.3d 1257, 1271 n.22 (11th Cir. 2003). That is what happened in this case. Hensley did not object to the facts contained in the PSI, one of which was that hundreds of images and video clips depicting child pornography were found on his computer.[2] The PSI also stated that over 13,000 images of child pornography were attributable to Hensley. Because Hensley did not object when the district court adopted the facts from the PSI as the court's findings of fact, he is considered to have admitted them for sentencing purposes. See United States v. Wade, 458 F.3d 1273, 1277 (11th Cir. 2006). Based on those facts, the district court did not err in increasing Hensley's base offense level by five points for possession of over 600 images of child pornography.

    **AFFIRMED.**

---

[2] Under the sentencing guidelines, videos are counted as 75 images for the purpose of determining the appropriate enhancement level. See U.S.S.G. § 2G2.2, n.4(B)(ii).