[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 08-15565
Non-Argument Calendar
_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
JULY 1, 2009
THOMAS K. KAHN
CLERK

D. C. Docket No. 08-00132-CR-T-30-MAP

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

OSCAR FERNANDEZ,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Middle District of Florida
_____

(July 1, 2009)

Before MARCUS, PRYOR and ANDERSON, Circuit Judges.

PER CURIAM:

Oscar Fernandez appeals his 87-month sentence for conspiracy and possession with intent to distribute over 500 grams of cocaine, in violation of 21 U.S.C. §§ 841 and 846. The district court found that Fernandez was the

leader/organizer of his conspiracy, and, as a result, enhanced his sentence by two levels and denied him a safety valve reduction. On appeal, Fernandez argues that in imposing the leader/organizer enhancement, the district court erred in relying solely on the facts in the pre-sentence investigation report ("PSI"), and violated his Fifth Amendment Due Process Clause right and Sixth Amendment Confrontation Clause right. After careful review, we affirm.

If a sentencing issue is raised for the first time on appeal, we will review that issue only for plain error. United States v. Aguillard, 217 F.3d 1319, 1320 (11th Cir. 2000). Under plain error review, there must be (1) an error, (2) that is plain, and (3) that affects substantial rights. Id. When these three factors are met, we may then exercise our discretion and correct the error if it seriously affects the fairness, integrity, or public reputation of the judicial proceedings. United States v. Olano, 507 U.S. 725, 732 (1993). Review for plain error requires an error to be clear or obvious. United States v. Straub, 508 F.3d 1003, 1008 (11th Cir. 2007). If a defendant fails to object to facts that are contained in the PSI, he is deemed to have admitted those facts. United States v. Bennett, 472 F.3d 825, 833-34 (11th Cir. 2006).

We have held that it is not plain error for a district court to consider reliable hearsay statements during sentencing. United States v. Chau, 426 F.3d 1318,

2

1322-23 (11th Cir. 2005). We have also specifically stated that the Sixth Amendment's Confrontation Clause right is applicable solely to trials and "does not apply to sentencing." United States v. Cantellano, 430 F.3d 1142, 1146 (11th Cir. 2005). With regard to the Due Process Clause, we have held that a defendant's due process rights are not violated "where, at the time the defendant committed the offense, the United States Code and the guidelines advised the defendant of the statutory maximum sentence and that a judge would engage in fact-finding to determine his sentence and could impose up to the statutory maximum sentence." United States v. Martinez, 434 F.3d 1318, 1323 (11th Cir. 2006) (quoting United States v. Duncan, 400 F.3d 1297, 1307 (11th Cir. 2005)).

At the sentencing hearing, Fernandez failed to object to the factual statements in the PSI, and, therefore, admitted those factual statements as true. Bennett, 472 F.3d at 833-34. Because Fernandez admitted the truth of those factual statements, the statements cannot be considered unreliable, and it was not plain error for the district court to consider them at sentencing. See Chau, 426 F.3d at 1322-23. Fernandez's arguments to the contrary and his reliance on the Confrontation Clause are misplaced, as those arguments are foreclosed by precedent. See id.; Cantellano, 430 F.3d at 1146.

Turning to Fernandez's due process claims, at the time that he committed the instant offenses, 21 U.S.C. § 841(b)(1)(B)(ii) provided that he would be facing a statutory term of imprisonment ranging from five to forty years. The pertinent statutes also provided that a judge would engage in factfinding, using the PSI and the Sentencing Guidelines to determine his sentence, which could be as high as the statutory maximum sentence. See 18 U.S.C. §§ 3552, 3553; Martinez, 434 F.3d at 1323; Duncan, 400 F.3d at 1307. Therefore, Fernandez's due process rights were not violated, and his arguments to the contrary are foreclosed by precedent. See Martinez, 434 F.3d at 1323. Accordingly, we affirm the district court's decision.

**AFFIRMED.**