[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 09-15494
Non-Argument Calendar
_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
MAY 6, 2010
JOHN LEY
CLERK

D. C. Docket No. 09-00323-CR-T-26-MAP

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

CRESENCIO TREJO-VISUETH,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Middle District of Florida

_____

(May 6, 2010)

Before EDMONDSON, BIRCH  and BARKETT, Circuit Judges.

PER CURIAM:

Cresencio Trejo-Visueth appeals the district court's decision to impose an

upward variance and sentence him to 60 months imprisonment for being found in

the United States after having been deported due to an aggravated felony conviction. Trejo-Visueth's guideline range called for 18 to 24 months imprisonment.

On appeal, Trejo-Visueth first argues that his sentence was procedurally and substantively unreasonable. We find no merit to these contentions. The sentence was procedurally reasonable because the district court provided an in-depth explanation for imposing an upward variance, and, aside from challenging the adequacy of the district court's explanation, Trejo-Visueth does not raise any other procedural reasonableness arguments on appeal. Trejo-Visueth's sentence was also substantively reasonable because this was the fourth time he illegally re-entered the United States. We cannot say that the district court's determination that a number of the § 3553(a) factors favored an upward variance was erroneous.

Trejo-Visueth also argues that the district court violated 18 U.S.C. § 3553(c)(2) by failing to give its reasons for imposing an upward variance in writing. He acknowledges that he failed to make this objection to the district court, but argues that the applicable standard of review is *de novo* because the statute in question "is a Congressional mandate imposed on the court."

If a sentencing issue is raised for the first time on appeal, as this claim is, we will review that issue solely for plain error. *United States v. Aguillard*, 217

F.3d 1319, 1320 (11th Cir. 2000). Under plain error review, there must be (1) an error, (2) that is plain, and (3) that affects substantial rights. *Id.* When these three factors are met, we may then exercise our discretion and correct the error if it seriously affects the fairness, integrity, or public reputation of the judicial proceedings. *United States v. Olano*, 507 U.S. 725, 732, 113 S.Ct. 1770, 1776, 123 L.Ed.2d 508 (1993). For an error to affect substantial rights, it generally "must have been prejudicial: It must have affected the outcome of the district court proceedings." *Id.* at 734, 113 S.Ct. at 1778.

When a district court imposes a sentence outside of the applicable guideline range, 18 U.S.C. § 3742(c)(2) requires that the "reasons [for the variance or departure] must . . . be stated with specificity in the written order of judgment and commitment." 18 U.S.C. § 3742(c)(2). However, in this case, the court orally explained its reasons for imposing an upward variance during the sentencing proceeding. Although the district court failed to include a written statement of reasons with its judgment, appellant cannot establish that his substantial rights have been affected because the court sufficiently stated on the record the reasons for the sentences it was imposing.

**AFFIRMED.**