[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 10-15940
Non-Argument Calendar

_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
AUGUST 31, 2011
JOHN LEY
CLERK

D.C. Docket No. 1:08-cr-00109-JOF-LTW-1

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

ALEJANDRO DIAZ-MALDONADO,
a.k.a. Adan Diaz-Maldonado,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Northern District of Georgia

_____

(August 31, 2011)

Before BARKETT, MARCUS and ANDERSON, Circuit Judges.

PER CURIAM:

Alejandro Diaz-Maldonado appeals his 46-month sentence, imposed after

he pled guilty to being found in the United States after previously being deported, in violation of 8 U.S.C. § 1326(a), (b)(2). On appeal, Diaz-Maldonado argues that the district court violated his Sixth Amendment rights by enhancing his sentence based on a prior conviction that was not pled in the indictment, admitted by him, nor found by a jury beyond a reasonable doubt. However, Diaz-Maldonado concedes that this argument is foreclosed by the Supreme Court's decision in *Almendarez-Torres v. United States*, 523 U.S. 224, 118 S. Ct. 1219 (1998), as well as this Court's decisions that have recognized that *Almendarez-Torres* remains binding precedent until overruled by the Supreme Court. He states that he is simply seeking to preserve the issue for Supreme Court review because a majority of the justices on the Court have indicated that the prior conviction exception is no longer valid, and because the Court's decision in *Shepard v. United States*, 544 U.S. 13, 125 S. Ct. 1254 (2005), supports overruling *Almendarez-Torres*.

We have explicitly rejected the argument that *Almendarez-Torres* is no longer good law and continue in that rejection. *United States v. Gibson*, 434 F.3d 1234, 1247 (11th Cir. 2006); *see also United States v. Greer*, 440 F.3d 1267, 1273 (11th Cir. 2006) (noting that we have "specifically rejected the argument that *Almendarez-Torres* was undermined by the *Apprendi* decision)

Diaz-Maldonado next argues that the district court committed procedural

error by incorrectly calculating his criminal history score. He asserts that he should not have received 3 criminal history points for a 1990 conviction for selling cocaine and heroin because it was imposed more than 15 years before his current offense commenced, and should therefore have been excluded under the criminal history rules. Similarly, he asserts he should not been assessed one criminal history point for his 1996 conviction because it occurred more than ten years prior to the commencement of his current offense. Diaz-Maldonado further argues that the district court procedurally erred by failing to make any reference to the 18 U.S.C. § 3553(a) factors and by failing to explain the reasons for his sentence, including a statement that the sentence was sufficient, but not greater than necessary, to satisfy the goals of sentencing.

We review the reasonableness of a district court's sentence under a deferential abuse of discretion standard of review. *Gall v. United States*, 552 U.S. 38, 41, 128 S. Ct. 586, 591 (2007). However, when a defendant raises sentencing arguments for the first time on appeal, we review only for plain error. *Aguillard*, 217 F.3d at 1320. Here, it is unclear whether Diaz-Maldonado's objection to the length of his sentence adequately preserved his objection to the procedural reasonableness of his sentence. However, we need not resolve which standard of review applies because his arguments fail under either standard.

3

When reviewing the reasonableness of a sentence, we will first ensure "that the district court committed no significant procedural error, such as failing to calculate (or improperly calculating) the Guidelines range, treating the Guidelines as mandatory, failing to consider the § 3553(a) factors, selecting a sentence based on clearly erroneous facts, or failing to adequately explain the chosen sentence." *Gall*, 552 U.S. at 51, 128 S. Ct. at 597. The district court need not explicitly articulate that it has considered the § 3553(a) factors and need not discuss each factor so long as the record indicates that the court considered the factors in some form. *See United States v. Dorman*, 488 F.3d 936, 944 (11th Cir. 2007). Rather, in explaining a sentence, "[t]he sentencing judge should set forth enough to satisfy the appellate court that he has considered the parties' arguments and has a reasoned basis for exercising his own legal decisionmaking authority." *Rita v. United States*, 551 U.S. 338, 356, 127 S. Ct. 2456, 2468 (2007). Section 3553(a) provides that a sentencing court "shall impose a sentence sufficient, but not greater than necessary, to comply with the purposes [of sentencing]." 18 U.S.C. § 3553(a).

The Sentencing Guidelines provide that a defendant should be assessed three criminal history points "for each prior sentence of imprisonment exceeding one year and one month." U.S.S.G. § 4A1.1(a). Such a sentence must have been

4

imposed "within fifteen years of the defendant's commencement of the instant offense" to be counted. U.S.S.G. § 4A1.2(e)(1). Similarly, the probation officer is to add one criminal history point for other prior sentences not otherwise covered. U.S.S.G. § 4A1.1(c). However, such a sentence must be "imposed within ten years of the defendant's commencement of the instant offense." U.S.S.G. § 4A1.2(e)(2). "Any prior sentence not within the time periods specified . . . is not counted." U.S.S.G. § 4A1.2(e)(3).

We have determined that, under 8 U.S.C. § 1326, "the crime of being 'found in' the United States commences when the alien enters the United States and is not completed until the defendant's arrest." *United States v. Scott*, 447 F.3d 1365, 1368 (11th Cir. 2006) (quotation omitted). Thus, the date on which an alien is "found in" the United States is the date the offense was completed. *See id.* (stating that the crime of illegal reentry is completed when a defendant was found in the United States). Conversely, the offense conduct begins "when the alien illegally enters the United States" and therefore, "can run over a long period of time." *Id.* at 1369.

In this case, the district court did not procedurally err by assessing Diaz-Maldonado four total criminal history points for his 1990 and 1996 convictions. It is undisputed that Diaz-Maldonado re-entered the United States in

5

October 2004 after being deported. He was then "found in" the United States on February 22, 2008, when Immigration and Customs Enforcement was notified of his presence in the United States. *See Scott*, 447 F.3d at 1368. Accordingly, his § 1326 offense commenced in October 2004 and ended in February 2008. *See Scott*, 447 F.3d at 1368. Therefore, the district court properly assessed Diaz-Maldonado 3 criminal history points because his 1990 sentence was imposed within 15 years of the beginning of his instant § 1326 offense. *See* U.S.S.G. § 4A1.1(a). Similarly, the court properly assessed him one criminal history point for his 1996 sentence because it occurred within ten years of the beginning of his instant § 1326 offense. *See* U.S.S.G. § 4A1.1(c).

The district court also did not procedurally err by failing to explicitly state that it had considered the § 3553(a) factors or by omitting a statement that Diaz-Maldonado's sentence was sufficient, but not greater than necessary, to meet the goals of sentencing. *See Dorman*, 488 F.3d at 944. The record indicates that the district court considered the § 3553(a) factors because the court (1) questioned the government about its authority to impose a sentence under § 3553 rather than a guidelines sentence, (2) determined that the sentencing calculations in the PSI were correct, and (3) determined that the Guidelines were properly applied, and because (4) Diaz-Maldonado referenced his history and characteristics and the

circumstances of his crime in arguing for a sentence at the low-end of the guidelines range. *See Dorman*, 488 F.3d at 944 (concluding that, despite failing to cite § 3553(a), the district court evaluated the statutory factors because it considered appellant's objections, his motion for a downward departure, and the PSI, all of which implicated several of the factors); (R4 at 6-7, 19-20). Thus, the record set forth enough to demonstrate that the sentencing judge "considered the parties' arguments and ha[d] a reasoned basis for exercising his own legal decisionmaking authority." *Rita*, 551 U.S. at 356, 127 S. Ct. at 2468.

Finally, neither we nor the Supreme Court have mandated that district courts follow a precise script when imposing a particular sentence. The district court was not required to "incant the specific language" of § 3553(a) to specify that Diaz-Maldonado's sentence was sufficient, but not greater than necessary, to meet the goals of sentencing. *See United States v. Bonilla*, 463 F.3d 1176, 1182 (11th Cir. 2006) (holding that, when imposing a sentence, the district court need not "incant the specific language used in the guidelines").

Accordingly, after review of the record and consideration of the parties' briefs, we conclude that the district court properly considered Diaz-Maldonado's prior convictions when imposing his sentence and did not otherwise commit procedural error. We therefore affirm his 46-month sentence.

**AFFIRMED.**[1]

---

[1] Diaz-Maldonado's request for oral argument is denied.