[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 19-15006
Non-Argument Calendar
_____

D.C. Docket No. 8:04-cr-00107-SDM-TGW-2

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

versus

JAMES HASKELL STEPHENS,
a.k.a. Jaime,

Defendant - Appellant.

_____

Appeal from the United States District Court
for the Middle District of Florida
_____

(October 29, 2020)

Before ROSENBAUM, GRANT, and LUCK, Circuit Judges.

PER CURIAM:

After serving a 120-month prison sentence for drug-trafficking offenses involving cocaine base, James Stephens violated the conditions of his supervised release by committing new crimes. The district court revoked his supervised release and sentenced him to an additional term of 55 months in prison. Stephens appeals, arguing for the first time that the court should have recognized, on its own motion, that in sentencing him it had the authority to apply the First Step Act of 2018, Pub. L. No. 115-391, 132 Stat. 5194 (2018), which permits the retroactive application of the reduced penalties for certain cocaine base offenses in the Fair Sentencing Act of 2010, Pub. L. 111-220, 124 Stat. 2372 (2010). Stephens contends that, under the Fair Sentencing Act, the maximum revocation sentence based on his underlying felonies was three instead of five years of imprisonment.

We affirm Stephens's sentence. Even assuming the First Step Act authorized the district court to grant relief in a revocation proceeding, Stephens has not shown that the court's failure to do so *sua sponte* was plainly erroneous. Nevertheless, he remains free to seek a sentence reduction by filing a motion in the district court under 18 U.S.C. § 3582(c)(1)(B).[1]

**I.**

---

[1] To be clear, we do not decide that Stephens would necessarily be eligible for a reduction in his revocation sentence under the First Step Act, which presents an issue of first impression. Rather, we simply note that our decision in this case in no way forecloses Stephens from pursuing that relief.

2

In September 2006, the district court sentenced Stephens to 170 months of imprisonment to be followed by a five-year term of supervised release for three drug-trafficking offenses: (1) conspiracy to possess with intent to distribute fifty grams or more of cocaine base, *see* 21 U.S.C. § 846; (2) aiding and abetting possession with intent to distribute fifty grams or more of cocaine base, *see* 21 U.S.C. §§ 841(a)(1) and 2; and (3) possession with intent to distribute five grams or more of cocaine base, *see* 21 U.S.C. § 841(a)(1). At that time, the penalties for Counts 1 and 2 were a prison term of between ten years and life, *see* 21 U.S.C. § 841(b)(1)(A)(iii), while the penalties for Count 3 were a prison term of between five and forty years, *see* 21 U.S.C. § (b)(1)(B)(iii). Stephens's sentence was eventually reduced to 120 months based on retroactive guideline amendments, and he began his term of supervised release in September 2014.

In November 2019, the district court revoked Stephens's term of supervised release after determining that he had violated its conditions by committing new federal drug and firearm crimes. The court calculated Stephens's guideline range to be 51 to 60 months of imprisonment under U.S.S.G. § 7B1.4(a) based on a Grade A violation, a criminal-history category of VI, and an underlying Class A felony. The maximum revocation sentence is five years of imprisonment for an underlying Class A felony (an offense punishable by up to life imprisonment or death) and three years for an underlying Class B felony (an offense punishable by twenty-five years or

more).  *See* 18 U.S.C. §§ 3583(e)(3) and 3559(a)(1)–(2).  The court sentenced Stephens to serve 55 months in prison, and Stephens appealed.

Stephens argues for the first time on appeal that the district court had the inherent authority under the First Step Act to consider whether the Fair Sentencing Act should apply to his case.  According to Stephens, if the Fair Sentencing Act had applied at his sentencing in 2006, he would not have a Class A felony because the statutory maximum sentences for his offenses would be less than life imprisonment.  As a result, the maximum revocation sentence would have been three years and the guideline range would have been 33 to 36 months.  Stephens contends that the court committed plain error by failing to *sua sponte* recognize its authority to grant him relief under the First Step Act.  He requests that we vacate and remand for the court to consider, in the first instance, whether to exercise its discretion to grant relief.

## II.

"Where a defendant raises a sentencing argument for the first time on appeal, we review for plain error."  *United States v. Aguillard*, 217 F.3d 1319, 1320 (11th Cir. 2000).  The defendant bears the burden of establishing that the district court committed an error that was "plain" and that affected his substantial rights.  *United States v. Vandergrift*, 754 F.3d 1303, 1307 (11th Cir. 2014).  If these requirements are met, we may exercise our decision to correct the error if it seriously affects the fairness, integrity, or public reputation of judicial proceedings.  *Id.*

4

"An 'error' is simply a deviation from a legal rule." *United States v. Hesser*, 800 F.3d 1310, 1324 (11th Cir. 2015). To be "plain," the error must be "so clearly established and obvious that it should not have been permitted by the trial court even absent the defendant's timely assistance in detecting it." *Id.* at 1325 (quotation marks omitted). In this Circuit, "where the explicit language of a statute or rule does not specifically resolve an issue, there can be no plain error where there is no precedent from the Supreme Court or this Court directly resolving it." *Id.* (quotation marks omitted).

The First Step Act, enacted in December 2018, permits district courts to reduce the sentences of defendants who were sentenced before the Fair Sentencing Act, which originally did not apply retroactively, as if that Act had been in effect at the time of their sentencing. In relevant part, § 2 of the Fair Sentencing Act changed the quantity of crack cocaine necessary to trigger the highest tier of penalties (ordinarily a ten-year minimum and life maximum) from 50 grams to 280 grams and the quantity necessary to trigger the intermediate penalties (ordinarily a five-year minimum and forty-year maximum) from 5 grams to 28 grams. Fair Sentencing Act § 2(a)(1)–(2); *see also* 21 U.S.C. § 841(b)(1)(A)(iii), (B)(iii). A defendant is eligible for a "reduced sentence" under § 404(b) of the First Step Act if he was sentenced for a "covered offense," which we have said is an offense that "triggered the higher penalties in section 841(b)(1)(A)(iii) or (B)(iii)." *United States v. Jones*, 962 F.3d

1290, 1301 (11th Cir. 2020). The district court may grant relief under the First Step Act "on motion of the defendant, the Director of the Bureau of Prisons, the attorney for the Government, or the court." First Step Act, § 404(b), 132 Stat. at 5222.

This Court has not decided in a published opinion whether the First Step Act authorizes a district court to reduce a defendant's revocation sentence where the underlying conviction, for which supervised release was imposed, was for a "covered offense." And we need not do so here. Even assuming the First Step Act authorizes such relief, and even assuming it applies during sentencing and not solely after the fact, Stephens has not shown that the court's failure to invoke that authority *sua sponte* during his revocation sentencing was plainly erroneous.

It is not "clearly established and obvious" that the district court should have, on its own motion, considered whether to grant relief under the First Step Act at Stephens's revocation sentencing. *See Hesser*, 800 F.3d at 1324. No statute, rule, or case from this Court or the Supreme Court specifically resolves that issue. *See id.* While the First Step Act includes "the court" among those authorized to move for a sentence reduction, the statute does not command the court to exercise that power in any particular instance. *Cf. Dell v. United States*, 710 F.3d 1267, 1279 (11th Cir. 2013) ("*Kimbrough [v. United States*, 552 U.S. 85], empowered the district courts with this discretion [to vary from the guideline range based on a policy disagreement], but it did not command them to exercise it."). The mere fact that the

6

court was *authorized* to consider the First Step Act's application does not mean that it was *required* to do so. Because neither the statute nor any binding precedent clearly shows that the district court erred by failing to *sua sponte* invoke its authority under the First Step Act, Stephens cannot establish plain error.[2] *See Hesser*, 800 F.3d at 1324.

We note, however, that nothing we say here prevents Stephens from attempting to obtain a reduced revocation sentence. He need only file a motion in the district court under 18 U.S.C. § 3582(c)(1)(B) seeking relief based on § 404(b) of the First Step Act. *See Jones*, 962 F.3d at 1297 (stating that "the First Step Act expressly permits district courts to reduce a previously imposed term of imprisonment" pursuant to § 3582(c)(1)(B)).

**AFFIRMED.**

---

[2] Likewise, in the absence of a motion under the First Step Act, the district court was not required to consider how the Fair Sentencing Act would affect Stephens's guideline range. No relief is authorized under § 404(b) except "on motion of the defendant, the Director of the Bureau of Prisons, the attorney for the Government, or the court." First Step Act, § 404(b).