[DO NOT PUBLISH]

In the

# United States Court of Appeals

### For the Eleventh Circuit

_____

No. 22-11276

Non-Argument Calendar

_____

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

*versus*

SANTONIO LAROY FOSTER,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Northern District of Georgia
D.C. Docket No. 1:21-cr-00378-MHC-1

_____

Before WILSON, BRANCH, and LUCK, Circuit Judges.

PER CURIAM:

Santonio Foster accepted a binding plea agreement and pleaded guilty to two counts of knowingly possessing a stolen firearm. Pursuant to the plea agreement, he was sentenced to 96-months of imprisonment. Foster now appeals his sentence, arguing the district court failed to articulate why the court entered a sentence much higher than the guidelines range. After careful review, we **AFFIRM**.

## I.

In 2019, a grand jury returned a superseding indictment charging Foster with two counts of being a felon in possession of a firearm in violation of 18 U.S.C. § 924(e). Foster pleaded guilty pursuant to a binding plea agreement under Fed. R. Crim. P. 11(c)(1)(C). Under the plea agreement, the parties jointly recommended a sentencing range of 96–120 months, stipulating that this range was reasonable under 18 U.S.C. § 3553(a).

The initial sentencing calculations totaled an offense level of 27. The corresponding sentencing recommendation was 120–150 months of imprisonment. At the sentencing hearing, Foster objected to the enhancements calculated into his offense level. The district court sustained the objections, ultimately altering the calculation to a new offense level of 21. The new corresponding sentencing recommendation was 70–78 months of imprisonment.

The district court sentenced Foster to a concurrent 96-month imprisonment.[1]  The court expressly considered the § 3553(a) factors at the hearing and found that "the sentence meets the criteria of punishment, deterrence and incapacitation, and is sufficient but not greater that necessary to meet the objectives of Section § 3553(a)." Specifically, the court explained that the nature and circumstances of the offense made the sentence reasonable because Foster was a convicted felon and plead guilty to a "serious offense and it calls for a serious sentence."  Additionally, the court found that although Foster's history and characteristics exhibit mitigating factors, his repeated decisions to be involved in criminal activity as an adult warranted punishment.  The court also considered the need to afford adequate deterrence and found that a 96-month sentence is enough for both specific and general deterrence.  Lastly, the court noted that it considered the kinds of sentencing, the range established set forth in the guidelines, and the need to avoid sentence disparity.

Foster now appeals his sentence.

## II.

"Where a defendant raises a sentencing argument for the first time on appeal, we review for plain error." *United States v. Aguillard*, 217 F.3d 1319, 1320 (11th Cir. 2000).    Under this

---

[1] Foster was also sentenced to three years supervised release, and a special assessment of $200.

standard, "(1) there must be error; (2) the error must be plain; and (3) the error must affect substantial rights." *Id.* (citation omitted).

Upward variances are imposed based upon the § 3553(a) factors. *See, e.g., United States v. Overstreet*, 713 F.3d 627, 637–38 (11th Cir. 2013). A sentencing court may impose an upward variance based upon uncharged conduct, as it relates to the history and characteristics of the defendant, and the need to promote respect for the law, afford adequate deterrence, and protect the public. *Id.* at 637–38.

### III.

Foster argues that the district court plainly erred because it failed to articulate why the upward variance was necessary and just. Because the court lowered the guideline range to 70–78 months, it should have sentenced Foster within that range or specifically justified the upward variance to 96–months. We hold that the court made a proper justification and therefore there is no plain error.

First, the court properly justified the sentence with the § 3553(a) factors. It detailed why it thought a 96-month sentence was necessary in light of Foster's history and characteristics, to achieve adequate deterrence, and to protect the public. *Id.* Second, the sentence was justified because the parties jointly agreed that 96 months was reasonable under the § 3553(a) factors, and defense counsel specifically requested a 96–month sentence at the

22-11276                Opinion of the Court                    5

sentencing hearing *after* the guideline range was readjusted.  Accordingly, we find no error.

**AFFIRMED**.