[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 08-10187
Non-Argument Calendar

_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
JULY 03, 2008
THOMAS K. KAHN
CLERK

D. C. Docket No. 97-06129-CR-AJ

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

RONALD E. SMITH, JR.,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Southern District of Florida

_____

**(July 3, 2008)**

Before ANDERSON, HULL and MARCUS, Circuit Judges.

PER CURIAM:

Ronald E. Smith, Jr., appeals from the 21-month term of imprisonment imposed

following the revocation of his supervised release, pursuant to 18 U.S.C.

§ 3583(e)(3). On appeal, Smith argues that his sentence was unreasonable in length because the district court: (1) did not give sufficient consideration to the length of time Smith had served for the substantive criminal conviction that resulted in the revocation of his supervised release; and (2) did not consider the fact that Smith had neck cancer. After careful review, we affirm.

We review the sentence imposed upon the revocation of supervised release for reasonableness. United States v. Sweeting, 437 F.3d 1105, 1106-07 (11th Cir. 2006). "[R]easonableness" review "merely asks whether the trial court abused its discretion." United States v. Pugh, 515 F.3d 1179, 1189 (11th Cir. 2008) (quoting Rita v. United States, 127 S. Ct. 2456, 2465 (2007)). "The party who challenges the sentence bears the burden of establishing that the sentence is unreasonable . . . ." United States v. Thomas, 446 F.3d 1348, 1351 (11th Cir. 2006) (internal quotation omitted).

Section 3583 of Title 18 of the United States Code provides that a district court may revoke a term of supervised release and impose a sentence of imprisonment for the violation after considering factors set forth in 18 U.S.C. § 3553(a)(1), (a)(2)(B)-(D), and (a)(4)-(7).[1] 18 U.S.C. § 3583(e). Chapter 7 of the United States Sentencing

---

[1] These factors include: (1) the nature and circumstances of the offense and the history and characteristics of the defendant; (2) the need for the sentence imposed to afford adequate deterrence; (3) the need to protect the public; (4) the need to provide the defendant with educational or vocational training or medical care; (5) the Sentencing Guidelines range; (6) the pertinent policy statements of the Sentencing Commission; (7) the need to avoid unwanted sentencing disparities; and (8) the need to provide restitution to victims. 18 U.S.C. § 3553(a)(1), (a)(2)(B)-(D), and

Guidelines provides guidance on the length of the sentence to be imposed after revocation, but Chapter 7 is not binding; the district court need only be aware of and consider its recommendations. United States v. Aguillard, 217 F.3d 1319, 1320 (11th Cir. 2000).

The district court did not abuse its discretion in sentencing Smith to 21 months' imprisonment after revoking his supervised release. The district court expressly noted that it was considering the arguments advanced by Smith, and even that it was not sentencing Smith to a longer term of imprisonment based on the sentence served by Smith for his state conviction. Moreover, the 21-month sentence at the low end of the guidelines range was reasonable and supported by the district court's explanation.[2]

**AFFIRMED.**

---

(a)(4)-(7).

[2] See also Rita, 127 S. Ct. at 2462 (holding that a court of appeals may afford a presumption of reasonableness to a within-Guidelines sentence); United States v. Campbell, 491 F.3d 1306, 1314 n.8 (11th Cir. 2007) (noting that, although we have not normally afforded a within-Guidelines sentence a presumption of reasonableness, the Rita decision calls that policy into question).