[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 07-14412
Non-Argument Calendar

_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
Aug. 13, 2008
THOMAS K. KAHN
CLERK

D. C. Docket No. 07-14024-CR-KMM

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

WESLEY J. EVANS,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Southern District of Florida

_____

(August 13, 2008)

Before ANDERSON, BIRCH and DUBINA, Circuit Judges.

PER CURIAM:

Wesley Evans appeals his lifetime term of supervised release for using the

internet to entice a minor to engage in sexual activity, transporting a minor to engage in sexual activity, and attempting to persuade a minor to engage in sexually explicit conduct for the purpose of producing a visual depiction, in violation of 18 U.S.C. § 2422(a), (b),(e) and 18 U.S.C. § 2251(a). On appeal, Evans argues that the district court imposed a substantively unreasonable sentence by ordering that: (1) he be placed on supervised release for life; and (2) he be prohibited from possessing adult sexual materials as a special condition. He argues that there was no indication in the record that a lifetime term of supervised release was necessary, and we have upheld sentences without lifetime terms of supervised release in child pornography cases. He also argues that the restriction from the use of adult sexual materials will prevent him from making a living upon his release from prison and is unnecessary according to the record.

As a preliminary matter, we do not address Evans's contention that the special condition of his supervised release, prohibiting him from possessing adult sexual materials, is unreasonable because it will prevent him from working. Evans has not offered any caselaw or legal argument supporting his contention, nor has he provided any citations to the record pertaining to his future career and how it might relate to adult pornography. When a party fails to provide arguments on the merits of an issue, and makes only passing reference to it in the initial brief, the

2

argument is deemed waived and we need not address it.  United States v. Gupta, 463 F.3d 1182, 1195 (11th Cir. 2006), cert. denied, 127 S. Ct. 2446 (2007).

Evans characterizes his appeal as one based on the reasonableness of his sentence, and, ordinarily, we review a sentence imposed by a district court for reasonableness, see United States v. Talley, 431 F.3d 784, 785, 787 (11th Cir.2005).  However, if Evans did not object to the term of supervised release in the district court, we should only reverse for plain error. See United States v. Zinn, 321 F.3d 1084, 1088 (11th Cir. 2003).  We have not addressed in a published opinion the interplay between the reasonableness standard of review and the plain error review that we conduct when a party fails to raise an issue before the sentencing court.  Regardless, Evans cannot prevail under either standard.

We have discretion to correct an error under the plain error standard where (1) an error occurred, (2) the error was plain, (3) the error affected substantial rights, and (4) the error seriously affects the fairness, integrity or public reputation of judicial proceedings.  United States v. Duncan, 400 F.3d 1297, 1301 (11th Cir. 2005).  An error cannot be plain unless the error is "clear under current law." United States v. Aguillard, 217 F.3d 1319, 1321 (11th Cir. 2000).

The district court did not plainly err by imposing a lifetime term of supervised release because such a term was within both the advisory guideline

3

range and the statutory range. In <u>Rita v. United States</u>, 127 S. Ct 2456 (2007), the Court held that a sentence within the guidelines range is one endorsed by United States Sentencing Commission and thus probably reasonable. Additionally, this Court has upheld lifetime terms of supervised release in the case of defendants involved in child pornography. <u>See, e.g.,</u> <u>United States v. Moriarty</u>, 429 F.3d 1012 (11th Cir. 2005). Accordingly, we affirm.

**AFFIRMED.**[1]

---

[1] Evans' request for oral argument is denied.