[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 09-12336
Non-Argument Calendar

_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
DECEMBER 10, 2009
THOMAS K. KAHN
CLERK

D. C. Docket No. 08-80125-CR-DTKH

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

DANIEL YANES HERNANDEZ,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Southern District of Florida

_____

(December 10, 2009)

Before BLACK, PRYOR and ANDERSON, Circuit Judges.

PER CURIAM:

Daniel Yanes Hernandez appeals his conviction and sentence for using with intent to defraud one or more access devices, in violation of 18 U.S.C. § 1029(a)(1). He raises four arguments on appeal, namely whether (1) the magistrate judge plainly erred in accepting his guilty plea because the judge failed ensure Hernandez understood the consequences of his plea as required by Rule 11 of the Federal Rules of Criminal Procedure; (2) the district court clearly erred in declining to apply a minor-role reduction at sentencing, pursuant to U.S.S.G. § 3B1.2(b), because Hernandez was neither an organizer nor a major participant in the scheme; (3) the district court clearly erred in applying a two-level enhancement at sentencing, pursuant to U.S.S.G. § 2B1.1(b)(2)(A)(i), based on the number of victims involved in the offense, because evidence concerning the number of victims attributed to Hernandez was speculative; and (4) his sentence was substantively unreasonable.

## I.

Hernandez contends his conviction and sentence must be vacated because they were obtained pursuant to an invalid guilty plea. When a defendant fails to challenge the validity of his guilty plea before the district court, we review for plain error. *United States v. Monroe*, 353 F.3d 1346, 1349 (11th Cir. 2003).

"Rule 11 imposes upon a district court the obligation and responsibility to conduct an inquiry into whether the defendant makes a knowing and voluntary guilty plea." *United States v. Hernandez-Fraire*, 208 F.3d 945, 949 (11th Cir. 2000). "When accepting a guilty plea, a court must address three core concerns underlying Rule 11: (1) the guilty plea must be free from coercion; (2) the defendant must understand the nature of the charges; and (3) the defendant must know and understand the consequences of his guilty plea." *Id.* (quotations omitted).

The record reflects the magistrate judge fully complied with Rule 11 and the three core concerns were addressed. The magistrate judge ensured Hernandez's plea was free from coercion when she elicited from Hernandez that (1) his plea was made freely and voluntarily; (2) no one had promised him anything not contained in the plea agreement; and (3) he had not been threatened, coerced, forced into pleading guilty. The magistrate judge further ensured Hernandez understood the nature of the charges against him by finding him competent to understand the proceedings and having the Government go over the facts of the fraud and the elements of the crime. In addition, the magistrate judge ensured Hernandez understood the consequences of pleading guilty. The magistrate judge addressed the constitutional rights Hernandez was relinquishing by pleading guilty, went over

the maximum penalties, noted an advisory Guidelines range would be calculated pursuant to the Sentencing Guidelines, and informed Hernandez the district court could impose a sentence higher or lower than the applicable Guidelines range, but not greater than the statutory maximum sentence.

Contrary to Hernandez's argument, the magistrate judge was not obligated under Rule 11 to do any more than this. As to his argument the magistrate judge failed to explain the difference between a magistrate judge and an Article III judge or the significance of having magistrate judge take his plea, there is no Supreme Court or Eleventh Circuit case holding such an explanation is required, and, thus, there can be no plain error in this regard. *See United States v. Aguillard*, 217 F.3d 1319, 1321 (11th Cir. 2000) ("[W]here neither the Supreme Court nor this Court has ever resolved an issue, and other circuits are split on it, there can be no plain error in regard to that issue."). Regarding his arguments the magistrate judge only recited the rights at stake and failed to inquire as to his understanding of the consequences of his plea or the meaning of particular "constitutional terms" used, there is no dispute the magistrate judge apprised Hernandez of all the rights enumerated in Rule 11, and the record shows Hernandez confirmed his understanding of these rights. *See United States v. Downs-Morgan*, 765 F.2d 1534, 1537 (11th Cir. 1985) (stating "[t]he trial judge is obligated . . . to personally

4

disclose only those consequences of a guilty plea specifically set forth in [Rule 11]"). As to Hernandez's argument the magistrate judge failed to ascertain whether his attorney interpreted the plea agreement from English into Spanish properly or was qualified to do so, Hernandez has not pointed to any facts demonstrating he failed to understand the terms of his plea agreement. *Cf. Hernandez-Fraire*, 208 F.3d at 951 (finding plain error where the district court failed to identify enumerated rights and the record of the plea hearing showed that defendant did not understand his rights as he stated explicitly, "I don't know what my rights are"). With respect to his argument the magistrate judge violated Rule 11 by failing to explain the Guidelines, the difference between the Guidelines and the statutory maximum, or the application of possible enhancements to his Guidelines calculations, the magistrate judge was only required to impress upon Hernandez the importance the Guidelines might play at sentencing, which she did. *See United States v. Mosley*, 173 F.3d 1318, 1328 (11th Cir. 1999) (stating a district court complies with Rule 11 when it elicits a defendant is aware of the Guidelines and the defendant has discussed the effect of the Guidelines with his attorney).

To the extent Hernandez asserts the irregularities with his sentence appeal waiver rendered his guilty plea invalid, his argument is without merit. The record

5

shows the magistrate judge made an explicit finding the waiver was knowingly and voluntarily made after properly advising Hernandez regarding the waiver. Moreover, Hernandez has not shown that, but for his allegations of error, he would not have entered his guilty plea. *See United States v. Dominguez Benitez*, 124 S. Ct. 2333, 2340 (2004) ("[A] defendant who seeks reversal of his conviction after a guilty plea, on the ground that the district court committed plain error under Rule 11, must show a reasonable probability that, but for the error, he would not have entered the plea."). Rather, the record shows Hernandez received substantial benefits in exchange for his guilty plea, in that the Government dismissed the conspiracy count against him and agreed not to oppose his request for a sentence at the low end of his Guidelines range. Thus, Hernandez's plea was valid, and we affirm his conviction.

## II.

Hernandez next contends the district court erred in failing to grant him a minor-role reduction because he was not a major participant in the credit card fraud scheme.[1] We review a district court's decision whether to grant a minor-role reduction for clear error. *United States v. De Varon*, 175 F.3d 930, 937 (11th Cir. 1999) (en banc).

---

[1] The Government concedes Hernandez's sentence was the result of an upward variance and declines to enforce the appeal waiver against Hernandez.

A district court is authorized to reduce a defendant's offense level by two if the defendant establishes he was a "minor participant" in the crime by a preponderance of the evidence. U.S.S.G. § 3B1.2(b); *De Varon*, 175 F.3d at 939. A minor participant is one "who is less culpable than most other participants, but whose role could not be described as minimal." U.S.S.G. § 3B1.2(b), comment. (n.5). For a sentencing court to determine whether to grant a minor-role reduction, it considers two principles. *De Varon*, 175 F.3d at 940. First, the court must measure the defendant's role against the relevant conduct for which he is being held accountable. *Id.* "Only if the defendant can establish that [he] played a relatively minor role in the conduct for which [he] has already been held accountable–not a minor role in any larger criminal conspiracy–should the district court grant" a minor-role reduction. *Id.* at 944. The second prong of the minor-role-reduction analysis permits a district court, "where the record evidence is sufficient, . . . [to] measure the defendant's conduct against that of other participants in the criminal scheme attributed to the defendant." *Id.* at 934.

The district court did not clearly err in finding Hernandez was not entitled to a minor-role reduction. The district court found the amount of loss attributable to Hernandez was a "significant figure" "generated over a significant period of time," and "put him in league with some of [his codefendants]." The district court further

7

found Hernandez had completed over 30 fraudulent transactions, which spanned the full 6 months of his involvement in the scheme. These findings are supported by the record, which shows Hernandez participated in over 30 transactions and was responsible for in $58,917 losses, an amount which was substantially less than 2 of his codefendants and substantially greater than 2 others. Thus, Hernandez played an important role in his relevant conduct, and he was not less culpable than most other participants in the scheme. Accordingly, we affirm as to this issue.

III.

Hernandez asserts the district court erred in applying a two-level enhancement per U.S.S.G. § 2B1.1(b)(2)(A)(i) because there was no evidence or testimony supporting the contention he was responsible for ten or more victims. The Government concedes the district court erred in applying the two-level enhancement because the court failed to connect the victims to the actual losses they sustained.

Under section 2B1.1 of the Sentencing Guidelines, if the offense involved ten or more victims, the offense level is increased by two. "Victim" is defined as "any person who sustained any part of the actual loss," and "person" includes individuals and corporations. U.S.S.G. § 2B1.1, comment. (n.1). The number of victims depends on the loss calculation, specifically the actual loss, and, thus, a

sentencing court must connect the number of victims to the actual loss. *See United States v. Foley*, 508 F.3d 627, 634 (11th Cir. 2007) (holding the district court erred in calculating the number of victims because it did not make an independent finding of the loss amount and did not connect the number of victims to the loss calculation).

The court identified the loss attributed to Hernandez as $58,917 for purposes of U.S.S.G. § 2B1.1(b)(1) and found there were more than ten victims based on "the number of transactions" and the practices of credit card companies in allocating losses on verifiable and non-verifiable transactions. However, the court did not make any effort to connect the number of victims to the $58,917 loss calculation. Thus, the district court clearly erred in its finding of the number of victims. As the Government points out, the district court's error in calculating the number of victims was not harmless. *See* Fed. R. Crim. P. 52(a) (stating "[a]ny error, defect, irregularity, or variance that does not affect substantial rights must be disregarded"). If the district court had not applied the 2-level increase, per § 2B1.1(b)(2)(A)(i), for 10 or more victims, Hernandez's offense level would have been 9 and his corresponding Guidelines range would have been 8 to 14 months, rather than 12 to 18 months. Notably, there is no indication in the record the district court would have imposed the same sentence regardless of the

9

enhancement's application. *See United States v. Keene*, 470 F.3d at 1347, 1349 (11th Cir. 2006) (holding a misapplication of the Guidelines is harmless error when the ultimate sentence is reasonable in view of the § 3553(a) factors and the district court states it would have imposed the same sentence regardless of its application of the relevant Guidelines provision).

Accordingly, we vacate and remand as to this issue. On remand, the district court should reconsider its application of § 2B1.1(b)(2)(A)(i) and, in doing so, connect the victims to the actual losses they sustained. Because remand is necessary for the district court to correct its procedural error with respect to its application of § 2B1.1(b)(2)(A)(i), we decline to address the substantive reasonableness of Hernandez's sentence.

**AFFIRMED in part; VACATED and REMANDED in part.**

10