[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 09-14160
Non-Argument Calendar

_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
FEBRUARY 19, 2010
JOHN LEY
CLERK

D. C. Docket No. 09-00255-CR-1-JEC-1

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

KIRK MCBEAN,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Northern District of Georgia

_____

(February 19, 2010)

Before TJOFLAT, WILSON and PRYOR, Circuit Judges.

PER CURIAM:

Kirk McBean appeals his sentence of ten months of imprisonment and three

years of supervised release following the revocation of his supervised release, 18 U.S.C. § 3583(e). The district court ruled that McBean violated a term of his supervised release by failing to comply with instructions of a probation officer that McBean not visit his wife. We affirm.

## I. BACKGROUND

On September 25, 2003, McBean pleaded guilty to possession with the intent to distribute cocaine. McBean was sentenced to 80 months of imprisonment and five years of supervised release. McBean was released from prison on July 3, 2008.

McBean's probation officer filed a petition to modify the terms of McBean's supervised release. The probation officer requested the district court require that McBean complete a mental health treatment program. In support of the request for modification, the probation officer explained that McBean had allegedly assaulted his wife and McBean had exhibited "anger control issues." On October 6, 2008, the district court modified McBean's supervised release to require that McBean attend counseling.

On February 17, 2009, a probation officer petitioned to revoke McBean's supervised release. The petition stated that McBean had violated six conditions of his supervised release, including the failure to comply with the instruction that

2

McBean complete counseling before residing with his wife. According to the petition, on December 3, 2008, McBean's wife reported that McBean had moved home, and on December 4, a probation officer discovered McBean in his wife's house.

On June 9, 2009, a probation officer filed an amended petition to revoke. The amendment stated that McBean on two other occasions had failed to comply with an oral instruction to refrain from contacting his wife: on December 23, 2008, McBean returned to his wife's house, where he "was involved in a domestic altercation"; and in March 2009, McBean "contacted his wife in a threatening manner," which violated a temporary restraining order issued by a Georgia court.

At the hearing to revoke, McBean admitted the violations. McBean's attorney referred to the violations as "technical" and argued that in December 2008 McBean had visited his wife's home at her request. The district court proceeded to discuss briefly with McBean's attorney the facts underlying McBean's visits to his wife's house and the restraining order.

The government and McBean submitted a joint recommendation that the district court reincarcerate McBean for ten months, and then release him without supervision. The district court found that supervised release was necessary for "somebody that has given this many manifestations of anger issues and anger

toward a particular person." McBean admitted that "[i]t seem[ed] [he] [had] somewhat of anger issues"; he "may have been confused" about the instructions given by his probation officer; and he had persisted in "comply[ing] with the terms of the probation . . . [his] way." McBean discussed his difficulties finding a job and, after asserting that he visited his wife's house to perform yardwork, he accused his wife of destroying a letter that the probation office had mailed mistakenly to her.

The district court sentenced McBean to ten months of imprisonment and three years of supervised release. The court explained that supervised release was necessary to address McBean's resistance to counseling, his volatile relationship with his wife, and McBean's refusal to comply with the instruction of his probation officer. McBean said that he would have subpoenaed his wife to testify had he known the domestic situation "was a concern of the court." After further discussion, the district court explained that it did not credit fully either the version of events given by McBean or reported by his wife, but the court could determine the situation was "volatile" and, "that being the situation, it was incumbent on [the court] to ensure that [there was] enough supervision to make sure the situation doesn't get out of control."

The court later entered a written order of revocation. The court stated that it

was "unpersuaded, as a general rule, as to the wisdom of a policy that effectively rewards a recalcitrant and disobedient offender by discontinuing the very supervision against which the offender has consistently rebelled," and the court "remain[ed] concerned about the volatility of the situation between [McBean] and his estranged wife and the danger posed to the latter by [McBean's] anger issues." The court accepted McBean's version of events as "accurate," but nonetheless "conclude[d] that it would be a dereliction of its duty not to continue supervision of [McBean] in an effort to encourage his compliance with appropriate conditions of release."

## II. STANDARDS OF REVIEW

We review a sentence imposed after revocation of supervised release for reasonableness. See United States v. Sweeting, 437 F.3d 1105, 1106–07 (11th Cir. 2006). We review the reasonableness of a sentence for an abuse of discretion. Gall v. United States, 128 S. Ct. 586, 597 (2007). An objection or argument not raised in the district court is reviewed for plain error. United States v. Aguillard, 217 F.3d 1319, 1320 (11th Cir. 2000).

## III. DISCUSSION

McBean argues that his sentence to 10 months of imprisonment and three years of supervised release is unreasonable. McBean argues that the district court

imposed an excessive sentence based on McBean's domestic altercations with his wife, which he argues for the first time on appeal was an "impermissible factor" to consider at sentencing. McBean also argues that he was not given notice of or an "opportunity to rebut the allegations of domestic abuse." These arguments fail.

McBean's sentence is reasonable. McBean's domestic disputes were central to the revocation proceeding, and the district court did not plainly err by considering the nature and circumstances of McBean's violation and McBean's relationship with his wife to fashion an appropriate sentence. The district court explained that incarceration and supervised release would deter McBean from similar misconduct, impress McBean about the need to comply with the law, and protect McBean, his wife, and the public by removing McBean from a volatile situation. McBean complains he was not prepared to address the evidence about his domestic altercations, but that complaint is absurd. The government sought to revoke McBean's supervised release because he defied the instructions of his probation officer not to contact his wife, and McBean offered evidence about his domestic dispute to explain his misconduct. The district court did not abuse its discretion by imposing a sentence within the guideline range.

McBean's sentence is **AFFIRMED**.