[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 07-14633
Non-Argument Calendar

_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
APRIL 2, 2010
JOHN LEY
CLERK

D. C. Docket No. 06-00067-CR-T-27-MSS

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

ROBERT EARL WINSTON,
a.k.a. Pumpkin,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Middle District of Florida

_____

(April 2, 2010)

Before BLACK, BARKETT and HULL, Circuit Judges.

PER CURIAM:

Robert Earl Winston appeals his convictions for (1) aiding and abetting another who murdered Haines City Police Officer Chistopher Todd Horner with the intent to prevent Officer Horner from communicating to law enforcement or a judge information related to the commission of a federal offense, in violation of 18 U.S.C. §§ 1512(a)(1)(C) and (a)(3)(A), 1111, and 2; and (2) aiding and abetting another who knowingly used and carried a firearm during and in relation to a crime of violence, and, in the course thereof, murdered Officer Horner, in violation of 18 U.S.C. §§ 924(c)(1)(A) and (j)(1), 1111, and 2. Winston raises two arguments on appeal, which we address in turn.

## I.

Winston first contends the Government violated *Brady v. Maryland*, 83 S. Ct. 1194 (1963), when it failed to disclose a tacit agreement in which the Government agreed to seek a reduction to a witness's sentence in exchange for his testimony. We review de novo a district court's conclusion that there was no *Brady* violation. *United States v. Mejia*, 82 F.3d 1032, 1036 (11th Cir.1996).

Under *Brady*, "the prosecution is required to disclose to the defense evidence favorable to the accused if the evidence is material to guilt or punishment." *United States v. Starrett*, 55 F.3d 1525, 1555 (11th Cir. 1995). "The United States Supreme Court has held that '[i]mpeachment evidence, . . . as well as

exculpatory evidence, falls within the *Brady* rule.'" *Starrett*, 55 F.3d at 1555 (alteration in original) (quoting *United States v. Bagley*, 105 S. Ct. 3375, 3380, (1985)). Thus, "[t]he government has a duty to disclose evidence of any understanding or agreement as to prosecution of a key government witness." *Brown v. Wainwright*, 785 F.2d 1457, 1464 (11th Cir. 1986). The reason for such disclosure is "to ensure that the jury knows the facts that might motivate a witness in giving testimony." *Id.* at 1465 (quotation omitted).

Winston has failed to demonstrate the existence of an agreement, tacit or otherwise, between the Government and its witness that was not disclosed to the jury before or during Winston's trial. Although the witness ultimately received favorable treatment from the Government, "it is not the case that, if the government chooses to provide assistance to a witness following a trial, a court must necessarily infer a preexisting deal subject to disclosure under *Brady*." *Bell v. Bell*, 512 F.3d 223, 234 (6th Cir. 2008). Because Winston has failed to show the Government suppressed an agreement with the witness, he cannot establish a *Brady* violation.

## II.

Winston next asserts the district court erred by allowing a medical examiner to testify based on the forensic reports of another examiner in violation of the Sixth

3

Amendment and the Supreme Court's intervening decision in *Melendez-Diaz v. Massachusetts*, 129 S. Ct. 2527 (2009). When the defendant fails to object to an alleged violation of the Confrontation Clause at trial, we review the alleged violation only for plain error. *United States v. Brazel*, 102 F.3d 1120, 1141 (11th Cir. 1997). We review for plain error even when the "error arises only because of a later Supreme Court decision." *United States v. Fern*, 155 F.3d 1318, 1327 (11th Cir. 1998). In order for an error to be plain, it must be "clear under current law," *United States v. Aguillard*, 217 F.3d 1319, 1321 (11th Cir. 2000) (quotation omitted), though "it is enough that an error be 'plain' at the time of appellate consideration." *Johnson v. United States*, 117 S. Ct. 1544, 1549 (1997). "[W]here neither the Supreme Court nor this Court has ever resolved an issue, and other circuits are split on it, there can be no plain error in regard to that issue." *Aguillard*, 217 F.3d at 1321.

The Confrontation Clause of the Sixth Amendment provides a defendant in a criminal trial with the right to confront and cross-examine the witnesses against him. U.S. Const. amend. VI. In *Crawford v. Washington*, the Supreme Court held that a defendant's Sixth Amendment right of confrontation is violated by the admission of testimonial statements of a witness who was not subject to cross-examination at trial, unless the witness was unavailable to testify and the

defendant had a prior opportunity for cross-examination.  124 S. Ct. 1354, 1374, (2004).  While Winston's appeal was pending, the Supreme Court held in *Melendez-Diaz* that reports admitted at trial regarding the results of certain forensic analyses constituted testimonial statements.  129 S. Ct. at 2531–32.  The Court concluded the Confrontation Clause applied because the forensic reports were made under oath for the purpose of establishing a fact and "under circumstances which would lead an objective witness reasonably to believe that [they] would be available for use at a later trial."  *Id.* (quoting *Crawford*, 124 S. Ct. at 1354).

Although *Melendez-Diaz* discusses when a forensic opinion may be admitted into evidence, neither it nor any opinion of this Court addresses whether an expert witness's testimony that is based on a forensic opinion prepared by a non-testifying expert, in addition to other evidence, violates a defendant's right to confrontation. We have held that, pursuant to Federal Rule of Evidence 703, an expert witness may base his testimony on inadmissible information so long as such information is "regularly relied upon by experts in his field."  *See United States v. Steed*, 548 F.3d 961, 975 (11th Cir. 2008).  As the Seventh Circuit stated in *United States v. Turner*, 591 F.3d 928, 934 (7th Cir. 2010), "*Melendez-Diaz* did not do away with Federal Rule of Evidence 703."

The Supreme Court's decision in *Melendez-Diaz* did not address the facts that may form the basis of expert testimony, and therefore that decision neither controls the instant case nor demonstrates plain error.

III.

The district court did not err by finding Winston failed to establish a *Brady* violation when he identified no evidence of an agreement between the Government and its witness that was not disclosed to the jury. Further, the district court did not plainly err by admitting the testimony of an expert witness who relied in part on another expert's forensic report. Accordingly, we affirm Winston's conviction.

**AFFIRMED.**