[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 13-10542
Non-Argument Calendar
_____

D.C. Docket No. 5:03-cr-00304-LSC-HGD-1


UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

RODDRICK MOORE,

Defendant-Appellant.


_____

Appeal from the United States District Court
for the Northern District of Alabama
_____

(November 14, 2013)

Before HULL, MARTIN, and JORDAN, Circuit Judges.

PER CURIAM:

Roddrick Moore appeals his 60-month sentence, imposed upon revocation of

his supervised release.  He argues that his sentence, which was above the advisory

Guideline range of 37 to 46 months, was procedurally unreasonable because the district court improperly relied on 18 U.S.C. § 3553(a)(2)(A).  He also argues that his sentence was substantively unreasonable because the court's upward departure was based on § 3553(a)(2)(A), and it failed to acknowledge its consideration of his mitigating arguments.  For the reasons discussed below, we affirm.

The facts here are straightforward and not in dispute.  Moore pleaded guilty to several drug-related crimes in 2003, and served around five years in prison.  After his release in June 2008, Moore began an 8-year term of supervised release.  He violated the terms of his supervised release in December 2010 by possessing and selling cocaine, and failing to notify his probation officer of his questioning by police.  He violated the terms again in February 2012 by possessing cocaine and a firearm, and failing to notify his probation officer.  The district court held a revocation hearing in January 2013, and sentenced Moore to 60-months imprisonment.  The judge asked if there were "any objections from any party as to the findings of fact, the calculation of the sentence, or the manner in which the sentence was pronounced or imposed."  Neither the government nor Moore objected.

A sentence imposed for revocation of supervised release is reviewed for reasonableness.  United States v. Sweeting, 437 F.3d 1105, 1106–07 (11th Cir. 2006).  We review a district court's decision to exceed the Guideline range in

2

imposing a sentence upon revocation of supervised release for an abuse of discretion. United States v. Brown, 224 F.3d 1237, 1239 (11th Cir. 2000). However, when a defendant raises a sentencing argument for the first time on appeal, as Moore has done, review is for plain error. United States v. Aguillard, 217 F.3d 1319, 1320 (11th Cir. 2000). We correct for plain error when: (1) there is error; (2) the error is plain; and (3) the error affects substantial rights. Id. Error cannot be plain unless it is "clear under current law." Id. at 1321 (citation omitted).

Revocation of supervised release is mandatory when the defendant possessed a controlled substance or firearm in violation of the conditions of supervised release. 18 U.S.C. § 3583(g)(1), (2). While the factors for consideration in discretionary revocation specifically exclude § 3553(a)(2)(A), mandatory revocation under subsection (g) contains no such exclusion. See Brown, 224 F.3d at 1241–42. When a defendant is sentenced under subsection (g), the only limitation is that the term of imprisonment must not exceed the maximum term of imprisonment authorized under § 3583(e)(3), which, when the original offense was a class A felony, is five-years imprisonment. 18 U.S.C. § 3583(e)(3), (g). A district court need not specifically state that it is compelled to revoke supervised release pursuant to subsection (g) if the conditions implicating the provision are present. See Brown, 224 F.3d at 1242.

Because Moore stipulated that he possessed a firearm and a controlled substance in violation of his supervised release, the conditions implicating § 3583(g) were satisfied, and revocation of his supervised release was mandatory. After not citing to or discussing § 3583(g) in his opening brief, in his reply brief Moore states that the government's reliance on this provision "must fail because at no time during the district court proceedings did the Government, or any other entity, allege or seek to establish that Mr. Moore was subject to mandatory revocation pursuant to § 3583(g)." But this claim conflicts with Circuit precedent. See Brown, 224 F.3d at 1242 ("Although not mentioned by the district court, Brown's revocation was mandatory because he possessed a controlled substance and refused to comply with drug testing."). The district court did not err in considering § 3553(a)(2)(A), because the factor is not excluded from consideration under § 3583(g). Moore's sentence is therefore procedurally reasonable, and we affirm in this respect.

Next, we examine Moore's substantive reasonableness challenge. In reviewing a sentence outside the Guideline range, we may consider the degree of variance and the extent of the deviation from the Guidelines. United States v. Irey, 612 F.3d 1160, 1186 (11th Cir. 2010) (en banc) (citing Gall v. United States, 552 U.S. 38, 47, 128 S. Ct. 586, 594–95 (2007)). The justification given should be sufficiently compelling to support the degree of variance. Irey, 612 F.3d at 1187.

Moore argues substantive unreasonableness "based in large part" on the district court's consideration of § 3553(a)(2)(A), and also because the court inadequately considered "the possibility" that he "could assist the Government in other prosecutions, his rehabilitative efforts, and his family obligations."  As we have discussed, the district court committed no error in considering § 3553(a)(2)(A) in a proceeding under § 3583(g).  The district court also considered Moore's rehabilitative efforts and family obligations, and determined that repeated violations of his supervised release weighed in favor of a sentence above the Guideline range.  Although Moore is correct that the district court failed specifically to acknowledge on the record that it had considered his alleged ability to assist in other prosecutions, it was not required to do so.  See United States v. Dorman, 488 F.3d 936, 938 (11th Cir. 2007).

Moore has not demonstrated that his 60-month sentence was substantively unreasonable.  He admitted a number of violations of his supervised release, including possession of a controlled substance and firearm.  Also, the district court adequately explained its upward variance from the Guideline range based on Chapter 7's policy statement.  The court noted that it felt the sentence was appropriate in light of the § 3553(a) factors, including Moore's personal characteristics and history.  Finally, the sentence was within the statutory limits, supporting its reasonableness.

On this record, Moore's 60-month sentence was both procedurally and substantively reasonable, and the district court is **AFFIRMED**.