[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 14-12057
Non-Argument Calendar
_____

D.C. Docket No. 9:08-cr-80057-DMM-1

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

LAZERO W. SIMEON, JR.,
a.k.a. Chill Will,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Southern District of Florida
_____

(January 21, 2015)

Before MARCUS, WILLIAM PRYOR and BLACK, Circuit Judges.

PER CURIAM:

Lazero Simeon, Jr. appeals his 24-month sentence imposed following revocation of his supervised release, arguing the sentence is both procedurally and substantively unreasonable.  Procedurally, he asserts the district court failed to consider the appropriate 18 U.S.C. § 3553(a) factors, improperly considered the fact he did not agree with the Government's sentencing recommendation, and failed to adequately explain the chosen sentence.  Substantively, he argues a sentence so far outside the advisory Guidelines range[1] was unreasonable based on the facts and the § 3553(a) factors.  After review,[2] we affirm Simeon's sentence.

Under 18 U.S.C. § 3583(e), upon finding that a defendant has violated a condition of supervised release, a district court may revoke the term of supervised release and impose a term of imprisonment after considering: (1) the nature and circumstances of the offense; (2) the history and characteristics of the defendant; (3) the need for deterrence; (4) the need to protect the public; (5) the need to provide the defendant with needed training, medical care, or other correctional treatment; (6) the Sentencing Guidelines and policy statements of the Sentencing

---

[1] The advisory Guidelines range was four to ten months of imprisonment.  U.S.S.G. § 7B1.4(a).

[2] The parties dispute the standard of review—the Government asserts plain error review applies because Simeon failed to object in the district court after sentence was imposed, while Simeon replies that his request of a within-Guidelines sentence was sufficient to preserve the issue for appeal.  However, it is not necessary to resolve the dispute as to the applicable standard of review because Simeon's 24-month revocation sentence is reasonable under the higher abuse-of-discretion standard.  *See United States v. Aguillard*, 217 F.3d 1319, 1320 (11th Cir. 2000) (stating a district court's decision to exceed the Guidelines sentencing range in a revocation of supervised release case is reviewed for an abuse of discretion).

2

Commission; (7) the need to avoid unwarranted disparity among defendants; and (8) the need to provide restitution to victims. 18 U.S.C. § 3553(a)(1), (a)(2)(B)-(D), (a)(4)-(7).

In the context of revocation of supervised release, the court's goal in sentencing is to sanction "the defendant's breach of trust," not the defendant's original criminal offense conduct. U.S.S.G. Ch. 7, Pt. A, intro. comment. 3(b). When considering what sentence is reasonable in light of that breach, the Guidelines expect that "the nature of the conduct leading to the revocation would be considered in measuring the extent of the breach of trust," or, phrased differently, the sentencing court should "sanction primarily the defendant's breach of trust, while taking into account, to a limited degree, the seriousness of the underlying violation." *Id.*

Simeon's 24-month revocation sentence is reasonable. In reviewing whether a sentence is procedurally reasonable, we look for errors "such as failing to calculate (or improperly calculating) the Guidelines range, treating the Guidelines as mandatory, failing to consider the § 3553(a) factors, selecting a sentence based on clearly erroneous facts, or failing to adequately explain the chosen sentence." *Gall v. United States*, 552 U.S. 38, 51 (2007). While Simeon is correct in pointing out the district court did not explicitly discuss the § 3553(a) factors, it was not required to do so. *See United States v. Scott*, 426 F.3d 1324, 1329 (11th Cir. 2005)

3

(stating the law does not require the court to discuss the required factors, or even explicitly state it has considered those factors).  The court stated it had carefully considered the statements of the parties and the supervised release violation report.  In its brief discussion, the court discussed the nature and seriousness of the violation, the extent of the breach of trust, and the fact that Simeon's original sentence resulted from a downward variance.  The court did not fail to consider required factors such as the nature and circumstances of the offense, the history and characteristics of the defendant, the need for deterrence, and the need to protect the public.  *See* 18 U.S.C. § 3583(e)

Nor did the court improperly consider the fact that Simeon disagreed with the Government's sentencing recommendation.  *See United States v. Vandergrift*, 754 F.3d 1303, 1308 (11th Cir. 2014) (explaining consideration of an improper factor can also render a sentence procedurally unreasonable).  The district court stated that it would likely have deferred to the parties' joint recommendation, but in the absence of an agreement, it would follow the probation officer's recommendation.  However, contrary to Simeon's argument, the court did not "merely [sentence] Simeon to 24 months' imprisonment, simply because Simeon could not reach an agreement with the Government."

The court adequately explained the reasons for the sentence.  As noted above, the court apparently gave great weight to the nature and seriousness of the

violation, the extent of the breach of trust, and the fact that Simeon's original sentence resulted from a downward variance. This explanation was procedurally reasonable, as it allowed for meaningful appellate review. *See Gall*, 552 U.S. at 50 (stating the purpose for the requirement that the court explain why it imposed a particular sentence is to allow meaningful appellate review).

Simeon's 24-month sentence is substantively reasonable. He admitted that he falsified his address, lived with the codefendant from his underlying case, and then lied to his probation officer about living with that codefendant. As the district court found, there was a serious and extensive breach of trust that lead to revocation of supervised release. Further, given that a sentence below the Guidelines range for the original offense did not deter Simeon, the court's imposition of a sentence above the Guidelines range was not an abuse of discretion. The sentence was also below the three-year statutory maximum established by 18 U.S.C. § 3583(e)(3). Simeon's 24-month sentence is not outside the reasonable range of sentences, given the seriousness of the violations. *See United States v. Irey*, 612 F.3d 1160, 1190 (11th Cir. 2010) (*en banc*) (stating we will only vacate a sentence if convinced that the sentence is outside the reasonable range of sentences for a given case). In sum, Simeon's sentence is reasonable, and we affirm.

**AFFIRMED.**