[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 18-10455
Non-Argument Calendar
_____

D.C. Docket No. 1:17-cr-00222-CG-1


UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

VICTOR SOLORCINO TAVIA,
a.k.a. Victor Solorcino-Tavia,

Defendant-Appellant.


_____

Appeal from the United States District Court
for the Southern District of Alabama
_____

(August 23, 2018)

Before NEWSOM, BRANCH, and JULIE CARNES, Circuit Judges.

PER CURIAM:

Victor Solorzano-Tavia[1] received a statutory-maximum 24-month sentence for violating the terms of his supervised release. On appeal, he argues that his sentence was greater than necessary and thus substantively unreasonable. We disagree.

"We review the sentence imposed [by the district court] upon the revocation of supervised release for reasonableness." *United States v. Vandergrift*, 754 F.3d 1303, 1307 (11th Cir. 2014) (internal quotation marks, citation omitted). A district court's decision to exceed the guideline sentencing range is reviewed for an abuse of discretion. *United States v. Aguillard*, 217 F.3d 1319, 1320 (11th Cir. 2000). The party challenging the sentence bears the burden of showing that the sentence is unreasonable. *United States v. Tome*, 611 F.3d 1371, 1378 (11th Cir. 2010).

Upon finding that a defendant has violated a condition of supervised release, a district court may revoke the term of supervised release and impose a term of imprisonment after considering the following criteria: (1) the nature and circumstances of the offense; (2) the history and characteristics of the defendant; (3) the need for deterrence; (4) the need to protect the public; (5) the Sentencing Guidelines and policy statements of the Sentencing Commission; (6) the need to avoid unwarranted disparity among defendants; and (7) the need to provide restitution to victims. *See* 18 U.S.C. § 3583(e) (cross-referencing § 3553(a)(1),

---

[1] Solorzano's name has been incorrectly spelled in lower court documents as "Solorcino."

2

(a)(2)(B)-(D), (a)(4)-(7)).  When considering what sentence is substantively reasonable regarding revocation of supervised release, the sentencing court should "sanction primarily the defendant's breach of trust, while taking into account, to a limited degree, the seriousness of the underlying violation."  U.S.S.G. § 7A Introduction 3(b).  Additionally, the Guidelines advise that "any sentence of imprisonment for a criminal offense that is imposed after revocation of probation or supervised release be run consecutively to any term of imprisonment imposed upon revocation."  U.S.S.G. § 7B1.3 n.4.  We will only vacate a sentence if we are convinced that the sentence falls beyond the reasonable range of sentences for a given case.  *United States v. Irey*, 612 F.3d 1160, 1189-90 (11th Cir. 2010) (en banc).

Here, Solorzano has not met his burden of demonstrating that his sentence is unreasonable.  *See Tome*, 611 F.3d at 1378.  First, it is undisputed that Solorzano had, at the time of this trial, tried to illegally reenter the United States on seven prior occasions, three of which had resulted in convictions.  In imposing its sentence, the court followed 18 U.S.C. § 3583(e) and considered, among other things, the nature and circumstances of the offense, the history and characteristics of the defendant, and the need for deterrence.  The court remarked that this was "the most egregious case of illegal reentry that [it had] seen," and further explained that it could see no way aside from a maximum sentence to impress upon

3

Solorzano the need for him to obey the law and refrain from coming back to the United States illegally. Tr. Trans. at 6, 12. Considering Solorzano's record of reentry, we cannot say that the district court abused its discretion in providing the maximum statutory sentence. *See Aguillard*, 217 F.3d at 1320.

Solorzano also argues that it was inappropriate for the district court to effectively sentence him to four years' imprisonment for a single act of reentry. Br. of Appellant at 6-7. The premise on which this argument relies is incorrect; the court did not sentence Solorzano twice for the same conduct. Rather, the court sentenced him first for illegal reentry, and then again—and separately—for violating the terms of his supervised release. U.S.S.G. § 7A Introduction 3(b). And, as noted above, the district court's concurrent sentencing was in keeping with the Guidelines' suggestion. *See* U.S.S.G. § 7B1.3 n.4.

And finally, Solorzano insists that he was not previously notified of his supervised release, thus warranting reversal. This argument also fails. It is undisputed that the record before the sentencing court reflected that Solorzano had been placed on supervised release following a prior conviction in Texas for illegal reentry. It is also undisputed that a condition of Solorzano's supervised release was that he not reenter the United States illegally. While Solorzano disputes that he was ever given notice of being placed on supervised release at all, he has not proven that he lacked notice, nor has he provided any reason why the previous

4

court's records would be unreliable.  Accordingly, Solorzano has failed to meet his burden of showing that the court was unreasonable to rely on the official record of the preceding court in imposing its sentence.  *Tome*, 611 F.3d at 1378.

In light of Solorzano's history—*i.e.*, three prior convictions for illegal reentry and at least eight illegal-reentry attempts—we conclude that his sentence was substantively reasonable, and therefore that the district court did not abuse its discretion.  Accordingly, we affirm.

**AFFIRMED.**